[No. 6156. Decided June 21, 1906.]

LUNDY B. SMITH, *Respondent,* v. E. C. JANSEN, *Appellant.*[1]

TAXATION—FORECLOSURE—ATTACK IN COLLATERAL PROCEEDINGS—
PROOF OF PAYMENT. Under Laws 1897, p. 190, making a tax judg-
ment conclusive as to the validity of a tax in all collateral proceed-
ings, "except in cases where the tax or assessments have not been
paid . . .," the owner who has paid his taxes may, in a suit to
quiet title, defeat the tax judgment and deed in a collateral proceed-
ing where the tax judgment was taken by default on constructive
service.

Appeal from a judgment of the superior court for King
county, Rigg, J., entered February 15, 1906, in favor of the
plaintiff, upon stipulated facts, in an action to quiet title.
Affirmed.

*E. P. Moran,* for appellant.

*Frank M. Egan,* for respondent.

RUDKIN, J.—This is an action to quiet title. It is ad-
mitted that the plaintiff was the owner of the premises in
controversy prior to the 12th day of December, 1902, and
is still the owner unless his title was divested by a tax sale
of that date. It is also admitted that the defendant received
a tax deed for the premises from the county treasurer of King
county on the 12th day of December, 1902, and that such

[1]Reported in 85 Pac. 672.

deed was executed and delivered by virtue of a general county tax foreclosure and sale whereby the premises were sold for delinquent taxes for the year 1889. It is further admitted that the taxes for which the premises were sold were in fact paid to the county treasurer by the plaintiff's grantor on the 31st day of January, 1898, almost five years before the tax foreclosure and sale, and that the premises are vacant and unoccupied. On these facts, which are agreed to by the parties, the court below granted the prayer of the complaint. From this judgment the defendant appeals.

The appellant contends that the payment of the taxes was a defense to be interposed in the tax foreclosure proceeding; that the prior payment of the taxes did not defeat the jurisdiction of the court in that proceeding; and that this is a collateral attack on the tax judgment. Questions relating to the conclusiveness of judgments in general, or to collateral attacks upon such judgments, are not involved in this case and we will not discuss them. Tax judgments and tax deeds are creatures of the law and have only such force and effect as the law accords to them. Section 114 of the Revenue Act of March 15, 1897 (Laws 1897, p. 190), provides as follows:

"Deeds executed by the county treasurer, as aforesaid, shall be *prima facie* evidence in all controversies and suits in relation to the right of the purchaser, his heirs and assigns, to the real estate thereby conveyed of the following facts; . . . *second,* that the taxes or assessments were not paid at any time before the issuance of deed; . . . And any judgment for the deed to real estate sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have

been paid, or the real estate was not liable to the tax or assessment."

The *prima facie* presumption arising from the production of the tax deed was overcome by the admission that the tax had been paid, and the statute by clear and unmistakable implication permits the property owner to show in a collateral proceeding that "the tax or assessments have been paid, or the real estate was not liable to the tax or assessment." And when either of these facts is shown, the implication that the tax judgment and tax deed must give way is equally explicit. This may not be true in all cases. For example, should the property owner appear in the foreclosure proceeding and litigate the question of payment, there is no good reason why the tax judgment should not preclude him from again litigating the same question in a subsequent proceeding; and if the property owner is personally served with notice and makes default, the same result might follow; but these questions are not now before us and we express no opinion in regard thereto. We do hold, however, that where the tax judgment is taken by default, on constructive service alone, the property owner may defeat the tax judgment and tax deed in a collateral proceeding by showing that "The tax or assessments have been paid, or the real estate was not liable to the tax or assessment." This is the rule prescribed by the statute, and, it is needless to add, the rule is eminently just and proper.

The foreclosure of a tax lien by constructive service, especially against a resident of the state, is a harsh remedy at best. This court has often held that the procedure is justified, because the public revenues must be paid, and because the property owner is chargeable with notice that taxes are levied against his property annually, and that the property will be sold in regular course of law, if the taxes are not paid. The foreclosure cannot take place for a number of years after the tax is levied, and if the property owner neglects the payment of his taxes for so long a time, he is in no position to complain of the forfeiture. None of these reasons apply in this

case. The property owner has paid his taxes and discharged his obligations to the state. He had no reason to expect that proceedings would be taken against him or his property, and he was not required to be ever on the lookout lest some negligent or corrupt official should cause or suffer his property to be sold for a tax that had long since been paid. Such were the views of the court below, and its judgment is affirmed.

MOUNT, C. J., FULLERTON, HADLEY, CROW, ROOT, and DUNBAR, JJ., concur.