193 P.2d 456

**LEWIS v. PALMER et ux.**

No. 4993.

Supreme Court of Arizona.

May 10, 1948.

Jack Choisser and Howard W. Gibbons, both of Phoenix, for appellant.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for appellees.

UDALL, Justice.

Clyde E. Lewis, plaintiff (appellant), brought suit on April 29, 1946, against K. T. Palmer et ux., defendants (appellees), to quiet title to a half-section of land lying in Maricopa County, title to which plaintiff had acquired under the homestead laws. Defendants filed an answer and cross-complaint wherein they alleged that the property involved was regularly sold for delinquent taxes for the years 1933 to 1937, inclusive, Treasurer's Certificate of Purchase having issued in the first instance to the State of Arizona but later was purchased by defendant K. T. Palmer from the State, the latter assigning and transferring said certificate to him.

The answer further alleged that defendants had, on May 19, 1943, secured a judgment in the Superior Court of Maricopa County in civil cause No. 52001, entitled K. T. Palmer, Plaintiff, v. Clyde E. Lewis, Adah I. Lewis, his wife, State of Arizona, The County of Maricopa and W. H. Lin-

ville as County Treasurer, Defendants, foreclosing any right of the defendants in that case to redeem said property from said tax sales, which judgment was entered after personal service upon Lewis et ux., they having failed to appear or defend in said cause; and that by reason of the foregoing the present plaintiff (his wife is now deceased) was now barred and estopped from claiming any right, title, or interest in or to said real property.

Defendants further asked, by a cross-complaint, that their title to said property be quieted as against plaintiff. To this pleading plaintiff answered by alleging in effect that the Treasurer's Certificate of Purchase, aforesaid, "was issued illegally for the reason that the plaintiff *had properly claimed and was duly allowed his Veteran's Tax Exemption* for taxes on said real property for the said years and that the judgment rendered * * * is invalid and void as the court had no jurisdiction of said cause of action". (Emphasis supplied.)

The defendants then moved for summary judgment based upon the pleadings, the deposition of plaintiff Lewis and the record in civil cause No. 52001. The trial court granted the motion and from the formal judgment entered thereon plaintiff has appealed to this court. The sole assignment of error is that the court was wrong in granting the defendants' motion for summary judgment.

The law is that the procedure for summary judgment may be availed of to bring an action to prompt conclusion when the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Section 21-1212, A.C.A.1939; Manor v. Barry, 62 Ariz. 122, 154 P.2d 374.

The plaintiff contends in his brief that he, as a veteran entitled to a tax exemption under Art. 9, Sec. 2, Constitution of Arizona, occupies the position of one who has paid the taxes for which this property was sold. Furthermore, that where property exempt from taxation is assessed and a tax levied thereon that a subsequent sale for nonpayment of such taxes will pass no title. He also urges that the statutory provision setting forth proceedings for foreclosure of right to redeem from tax sale, contained in Sections 73-831 and 73-832, A.C.A.1939, have no application to him and that he may, nevertheless, thereafter bring suit to recover his property at any time within the period permitted by the Statute of Limitations.

The trial court evidently granted defendant's motion for summary judgment upon the basis of the doctrine of res judicata, i. e. that the present suit was a collateral attack upon the judgment entered in Cause No. 52001, supra. In an effort to overcome the well-recognized rule that such

collateral attacks may not be made, it was contended upon the oral argument that this was an exception to the general rule as the whole of Article 8 of Chapter 73, A.C.A.1939, deals with the "collection of delinquent taxes" and the fact that there is a delinquent tax is a jurisdictional condition precedent to any and all of the actions outlined in that Article. Great reliance is placed upon the recent decision of the Supreme Court of Kansas in the case of Magnolia Petroleum Co. v. Moyle, 162 Kan. 133, 175 P.2d 133, 138, wherein the court held:

"Magnolia contends that the district court, in a tax foreclosure action, although generally a court of general jurisdiction, is for the purposes of such an action, a court of limited jurisdiction and that it is a condition that tax on its property be actually due and unpaid before the district court acquires any jurisdiction over the real estate sought to be sold.

"The *only conclusion* that can be reached is *that no tax ever having been in default, no tax lien could* exist, the mineral interest could not have been lawfully sold and bid in by the county at any delinquent tax sale, *and therefore the statutory condition to bringing the tax foreclosure action did not exist.*" (Emphasis supplied.)

This opinion was necessarily based upon the Kansas statutory provisions and case law, which differ materially from those of Arizona which we are here called upon to apply and interpret. Furthermore, it is extremely difficult to determine from a reading of the numerous opinions in that case what conclusion was finally reached by a majority of this able, but in this instance badly divided, court, where even the writer of the prevailing opinion later dissented in part.

Plaintiff also calls to our attention annotations of cases from Texas and Washington appearing in 26 A.L.R. 632, 638 and 639 which he contends support his position that a collateral attack, in a situation of this kind, on a prior judgment may be made. The three Texas cases are: Hill & Jahns v. Lofton, Tex.Civ.App., 165 S.W. 67; Mote v. Thompson, Tex.Civ.App., 156 S.W. 1105; and Hollywood v. Wellhausen, 28 Tex.Civ.App. 541, 68 S.W. 329, each of which may be distinguished from the trial court's holding in the instant case, both from a factual standpoint and more particularly in the dissimilarity of the statutory provisions. The Texas statute then in force, as quoted in these decisions, limits the jurisdiction of the court to cases where a tax is due, but makes no provision for the determination of the question as to whether or not a tax is due. The Washington cases relied upon, cited in 26 A.L.R. 639, are principally based upon the holding in Smith v. Jansen, 43 Wash. 6, 85 P. 672, 673, from which we quote:

" * * * The prima facie presumption arising from the production of the tax deed was overcome by the admission that the tax had been paid, *and the statute by clear*

*and unmistakable implication permits the property owner to show in a collateral proceeding* that 'the tax or assessments have been paid, or the real estate was not liable to the tax or assessment.' And when either of these facts is shown, the implication that the tax judgment and tax deed must give way, is equally explicit. This may not be true in all cases. For example, should the property owner appear in the foreclosure proceeding and litigate the question of payment there is no good reason why the tax judgment should not preclude him from against litigating the same question in a subsequent proceeding; *and if the property owner is personally served with notice and makes default the same result might follow,* but these questions are not now before us, and we express no opinion in regard thereto. We do hold, however, that where the tax judgment is taken by default, *on constructive service alone,* the property owner may defeat the tax judgment and tax deed in a collateral proceeding by showing that 'the tax or assessments have been paid, or the real estate was not liable to the tax or assessment.' This is the rule prescribed by the statute, and it is needless to add, the rule is eminently just and proper." (Emphasis supplied.)

From an examination of the Washington cases it appears that the defendants in the actions foreclosing the tax liens had no knowledge or notice of the pendency of the tax foreclosure proceedings and it was only where constructive service was had that such collateral attacks were permitted.

We do not believe that the legislature of Arizona in providing for a judicial foreclosure in tax matters ever intended to, nor did it, establish a special judicial proceeding in which the jurisdiction of the court was dependent upon the fact of a delinquent tax, nor did it create for the purpose of handling these matters a special court of limited jurisdictions to which the rules of courts of record are not applicable. To the contrary we believe that in adopting Section 73-831, A.C.A.1939, which reads:

"If any real property at any time after the expiration of three (3) years from the sale thereof for delinquent taxes, be not redeemed from such sale, the purchaser, his heirs or assigns, including the state of Arizona, *may bring an action in any court of competent jurisdiction to foreclose the right to redeem from such sale. Such action shall in all respects be a civil action, and the provisions of law relating to civil actions shall govern the commencement, pleadings, trial, judgment, stays of execution and appeals thereof.*" (Emphasis supplied.)
and section 73-832,

"*If the court in any such action shall find such sale to be valid, and the premises thereunder sold not to have been redeemed, judgment shall be entered forever foreclosing the rights of the defendants to redeem from such sale,* and commanding the county treasurer to execute and deliver forthwith to the person in whose favor such

194

judgment is entered, including the state of Arizona, a deed conveying the premises in such certificate of purchase described, and *after the entry of such judgment the parties whose rights to redeem are foreclosed therein, shall have no further right, title or interest in such real property, either in law or in equity,* subject however, to their right of appeal and to stay execution as in other civil actions." (Emphasis supplied.)

that these provisions were far more than a mere "curative feature" of the tax law; the judicial foreclosure therein provided *for is, in all respects, a civil action invoking* the broad powers of the Superior Court, and hence governed by its general rules. Particular attention is directed to the emphasized portions of the above sections for support of our conclusion.

Plaintiff relies to a great extent upon the case of Evans v. Hallas, 64 Ariz. 142, 167 P.2d 94, which involved a timely direct attack, in a delinquent tax matter, upon a judgment quieting title that had not become final. We there decided that the service of summons was invalid and that therefore the court was without jurisdiction to render its judgment which was ordered set aside, then having set aside the judgment, the court proceeded to hold that a treasurer's deed is not final where based upon a sale of property exempt from taxes upon which exemption claim had been seasonably, but through mistake of the official not properly entered. It must be conceded, however, that, inferentially at least, there are statements appearing in that opinion that would lend some weight to plaintiff's argument that where the antecedent proceedings to divest him of his property were a nullity he might collaterally attack all such proceedings including the judgment foreclosing his right of redemption. He apparently reasons thus: (a) the tax against his property, which is exempt under the constitution, was illegal; (b) a sale for nonpayment of taxes thereon passed no title; (c) he was under no obligation to redeem; and from this he jumps to a conclusion, which is non sequitur, that he was under no duty to defend against the suit in Cause No. 52001, and that the judgment entered therein foreclosing his right to redeem was not binding upon him but may be collaterally attacked in the instant suit. Without reconsidering at this time the correctness of our previous holdings as to propositions (a), (b) and (c), certainly any statement that appears in Evans v. Hallas, supra, inferentially holding that a judgment foreclosing the right of redemption under Sections 73-831 and 832, supra, would not be res judicata, would be purely obiter dictum, for as we have pointed out such a question was in no wise before the court in that case. We believe that this case can be properly determined solely on the basis of the doctrine of res judicata.

■ The solution to our problem in the instant case largely depends then upon the answer to whether the Superior Court of

Maricopa County had jurisdiction to enter its judgment of May 19, 1943, in Cause No. 52001. This test of jurisdiction should be measured by the lucid and sound pronouncements on this subject contained in the leading case of Tube City Min. & Mill. Co. v. Otterson, 16 Ariz. 305, 146 P. 203, 205, L.R.A.1916E, 303, and the later case of Varnes v. White, 40 Ariz. 427, 12 P.2d 870. It would seem that here the three essential elements to constitute jurisdiction, as therein defined, are present. (a) The land in question lies in Maricopa County and the court had jurisdiction of each of the defendants through personal service of process upon them. (b) The court had jurisdiction of the subject matter; i. e., Palmer's (appellee's) statutory right under Section 73-831, supra, to bring an action to foreclose the right to redeem. (c) The court, having found that the sale was valid and that the property had not been redeemed, had jurisdiction under Section 73-832, supra, to enter the particular judgment which it did.

As was stated in the Tube City Min. & Mill. Co. case, supra [16 Ariz. 305, 146 P. 206]:

"The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry, not whether its conclusion in the course of it is right or wrong."

Furthermore, it should be noted that in the judgment in Cause No. 52001 the court specifically found, as it is required to do under Section 73-832, supra, that the sale was in all respects valid and that the property sold had not been redeemed. Therefore, even if one were to adopt the contention advanced in the Magnolia Petroleum Company case, supra, that the judgment entered was by a court of limited jurisdiction and dependent upon a valid sale, still under the authority of the rule stated in Kenney v. Bank of Miami, 19 Ariz. 338, 170 P. 866, 868:

"If the law imposes the duty upon the board to ascertain and pass upon the facts conferring jurisdiction upon it, a finding and decision by it of the existence of those facts is final and conclusive. But, where the law makes it an indispensable condition that a certain fact or facts exists before the board can act, and fails to clothe it with the power and machinery to find the facts, its determination is not final and conclusive."

the court was, in Cause No. 52001, specifically invested with the power to determine the validity of the sale, and in the absence of an appeal its decision is final.

The defense here made by plaintiff to defendants' cross-complaint seeking to quiet their title, to wit: that the tax certificate was issued illegally because the plaintiff had properly claimed and had been duly allowed his veteran's tax exemption, is one that should have been seasonably presented in the tax foreclosure proceedings in Cause No. 52001. The judgment in that cause, over which the court unquestionably had jurisdiction, having become final, it is

final for all purposes and the attempted present collateral attack can not be entertained. This is the application of the doctrine of res judicata, the basis for which is ably stated in 30 Am.Jur., Judgments, Sec. 165, p. 910:

"The doctrine of res judicata may be said to inhere in the legal systems of all civilized nations as an obvious rule of expediency, justice, and public tranquillity. Public policy and the interest of litigants alike require that there be an end to litigation which, without the doctrine of res judicata, would be endless. The doctrine of res judicata rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent. The doctrine of res judicata not only puts an end to strife, but produces certainty as to individual rights and gives dignity and respect to judicial proceedings. It is considered that a judgment presents evidence of the facts of so high a nature that nothing which could be proved by evidence aliunde would be sufficient to overcome it; and therefore it would be useless for a party against whom it can be properly applied to adduce any such evidence, and accordingly he is estopped or precluded by law from doing so. Sometimes it is said that it is not the recovery but the matter upon which the recovery proceeds which creates the estoppel."

The views herein expressed are in harmony with the latest pronouncements of this court in the case of Bates v. Mitchell, 67 Ariz. 151, 192 P.2d 720. While we were not there dealing with an application of the tax exemption clause of our constitution, we were dealing with the matter of res judicata in a collateral attack upon a judgment quieting title which it was claimed was void for want of jurisdiction because the precedent tax sale was void. A distinction was there drawn in the use of the term "jurisdiction" as applied to the acts of administrative officials and as applied to the authority of courts to hear and determine actions, we pointed out that even though there had been an erroneous exercise of jurisdiction or authority by an administrative official that a later judicial determination based thereon becomes final and is res judicata. See also Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229, on the strictness of the doctrine of res judicata.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.