232 P.2d 111

**NORTHEN v. ELLEDGE.**

No. 5264.

Supreme Court of Arizona.

May 28, 1951.

V. L. Hash and Virginia Hash, Phoenix, for appellant.

Carl W. Divelbiss, Phoenix, for appellee.

FAIRES, Superior Court Judge.

This is an appeal from a summary judgment in favor of the defendant-appellee and against the plaintiff-appellant entered upon the motion of the former in an action to recover an alleged balance due the plaintiff on a verbal contract for the erection of buildings for the defendant by the plaintiff on a cost-plus basis. There is but one assignment of error with its subdivisions, to wit: "That the court erred in granting a summary judgment upon the motion of defendant, for the reason that many issues of fact were to be tried."

The complaint alleges that the plaintiff engaged to furnish material and perform the labor. Defendant agreed to pay for such material and labor, and in addition, agreed to pay to plaintiff an additional 15 per cent of the amount expended for material and labor as compensation for the superintendency and construction of said buildings; that building was commenced on February 4, 1946, and completed on May 26, 1947; that under the terms of the contract the defendant became indebted to plaintiff in the sum of $18,443.63; that plaintiff in payment thereon had received the sum of $11,634.10; and that defendant owed a balance to plaintiff of $6,814.53.

The defendant in her answer generally denies the material allegations of plaintiff's complaint but admits the terms of employment under the contract except that she agreed to pay only ten per cent of the total amount expended for material and labor as compensation to plaintiff W. D. Northen. The answer further denies that plaintiff is entitled to maintain said action by reason of the fact that his license to contract expired June 30, 1946.

The defendant moved for summary judgment in her favor pursuant to the provisions of sections 21–1210 to 1216, A.C.A. 1939, Rules Civ.Proc., Rule 56, upon the grounds that the plaintiff could not maintain the action because he was not a licensed contractor when the alleged cause of action arose and because, under the facts as stated in the pleadings and affidavits, performance of the contract was not completed by the plaintiff. Said motion was supported by the affidavit of defendant, substantially reiterating matters alleged in her answer, and the affidavit of Morgan G. Pratt, the Registrar of Contractors, stating that the license of plaintiff W. D. Northen as a contractor expired on June 30, 1946, and that no license had been issued to him thereafter. A counter-affidavit was filed by plaintiff reaffirming substan-

tially the allegations of his complaint, but admitting the expiration of his contractor's license and his failure to apply for any renewal thereof.

It may be fairly said that the record discloses, without dispute, from the pleadings and affidavits that plaintiff on or about February 4, 1946, entered into a verbal contract with the defendant for the erection of a building or buildings by the plaintiff for the defendant on a cost-plus basis; that at the time of the making of the contract the plaintiff was a duly licensed contractor, such license being issued to him by the Registrar of Contractors of the State of Arizona on June 25, 1945, and that it expired on June 30, 1946, and was not renewed and no application for its renewal was ever made by the plaintiff; that no contractor's license was issued to the plaintiff subsequent to the expiration of said license, and the plaintiff was not and has not been a licensed contractor at any time since June 30, 1946; that the plaintiff commenced work under said contract in March or April, 1946, and continued such work intermittently until an undetermined date in 1947, March 22, according to the defendant, May 26, according to the plaintiff; that said contract did not provide in terms when payment should be made thereunder, or whether payment should be made as the work progressed or only upon final completion thereof; that the work covered by the contract was never completed by the plaintiff but

was taken over and completed by the defendant; that all money due plaintiff for work done by him under the contract up to and before June 30, 1946, was paid to him by the defendant on or before said date; that no money was or is due or owing the plaintiff from the defendant for any work done by the plaintiff under said contract at any time on or before June 30, 1946, or while plaintiff's said contractor's license was in effect.

The defendant in her affidavit in support of her motion for summary judgment stated that plaintiff had been paid any and all sums due him under the contract for labor and materials furnished up to and including June 30, 1946, the date on which the contractor's license of plaintiff expired. This statement was not denied by the plaintiff. The plaintiff in his affidavit makes the following statement: "That the defendant did not settle with the said W. D. Northen (plaintiff) after the *16th day* of August, 1946." (Emphasis supplied.)

The plain implication arising from said statement is that defendant made payment to said date, indicating conclusively that plaintiff's cause of action accrued subsequent to the date of expiration of plaintiff's license, to wit, June 30, 1946.

■ Since a motion for summary judgment is not a trial by affidavits in which the court can summarily try factual issues, the initial question to be decided on such a motion is whether there is a genuine

issue of fact, and not how such issue, if one exists, should be decided.

■. Motions for summary judgment should be entertained where the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact, entitling the moving party to a judgment as a matter of law. Conversely, if an examination of the record discloses that there is a genuine issue as to any material fact, motion for summary judgment should be denied. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Manor v. Barry, 62 Ariz. 122, 154 P.2d 374; Lewis v. Palmer, 67 Ariz. 189, 193 P.2d 456.

■ The pleadings and affidavits in this case show that the alleged cause of action, if any existed, accrued subsequent to the date on which plaintiff's license expired; hence, the motion for summary judgment was entirely proper. This is true though there were minor conflicts on the facts involved which if resolved either way would not affect the determination of the issues. The appellant maintains that the trial court erred in granting the summary judgment upon the motion of the defendant for the reason that many issues were to be tried and enumerates several issues such as compensation to be paid, quantity and value of material and labor furnished, and a number of cases are cited in support of the general statement that a summary judgment will not be granted if there

is an issue of fact to be tried. While this broad statement is often found in the decisions, the correct view is that a motion for summary judgment should not be granted *where there is a genuine issue of any material fact.* The determination of what constitutes a genuine issue as to any material fact is often difficult. It has been said that an issue is material if the facts alleged are such as to constitute a legal defense, Keehn v. Brady Transfer & Storage Co., 7 Cir., 159 F.2d 383, 170 A.L.R. 999, certiorari denied 331 U.S. 844, 67 S.Ct. 1535, 91 L.Ed. 1864, or, are of such nature as to affect the result of the action, McComb v. Southern Weighing & Inspection Bureau, 4 Cir., 170 F.2d 526.

Thus, in the present case, although there were some issues and facts in dispute, such issues and facts were in no sense controlling and their resolution, one way or the other, could not possibly affect the final result of the action. It follows that the motion for a summary judgment was properly filed and entertained.

■ We thus come to the final question, namely, whether the court was right or wrong in granting the motion for a summary judgment in this case. The answer to that question depends upon the interpretation and effect to be given section 67-814, A.C.A.1939, the material part of which reads as follows: "No contractor as defined by sec. 3 (§ 67-803) of this act shall act as agent or bring or maintain any action in any court of the state for

the collection of compensation for the performance of any act for which a license is required by this act without alleging and proving that such contractor was a duly licensed contractor *at the time the alleged cause of action arose."* (Emphasis supplied.)

Although the wording of the statute is clear and explicit to the effect that a contractor may not maintain an action for compensation if such contractor did not have a contractor's license at the time the cause of action accrued, plaintiff argues that the statute merely requires that the license *exist* at the time the contract is entered into. We cannot agree with this contention. The overwhelming weight of authority requires us to hold that under a statute such as ours a contractor whose license expires after the contract is executed but before an obligation arises under it cannot enforce such obligation.

■ Without attempting to exhaust the authorities, we review some of the cases supporting the proposition that a contract founded upon an act for which a penalty is imposed by statute is void. See Duntley v. Kagarise, 10 Cal.App.2d 394, 52 P.2d 560, and cases cited therein.

A case directly in point here is that of Stanson, Inc., v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359, 362, 169 A.L.R. 760. In that case the plaintiff and defendant, both of whom were licensed real estate brokers entered into an agreement during the year 1940 covering a division of certain anticipated commissions to be realized on the making of some leases covering theater properties. The transaction continued through the remainder of 1940 and on December 31, 1940, the license of the plaintiff expired. Thereafter the deal was closed and the defendant collected the commissions. Plaintiff filed an action to recover his share thereof. In denying recovery to the plaintiff the court said: "Sections 6373–48, General Code, provides that no right of action shall accrue to any person for the collection of compensation for the performance of the acts mentioned in Section 6373–25, General Code, without alleging and proving that such person was duly licensed as a real estate broker or real estate salesman at the time the cause of action arose * * *. There is no warrant in law for holding that notwithstanding the provisions of Section 6373–47 and 6373–48, General Code, plaintiff may recover under the theory of money had and received. Where the General Assembly has said there is no right of action, courts are without authority to create one and thus defy the law of the state."

■ Plaintiff in his affidavit in resistance to the motion for summary judgment states that: "* * * the Registrar for Contractors of the State of Arizona gave the said W. D. Northen permission to keep said construction after the expiration of his said license."

The record does not so show but even if true it could not help plaintiff, for chap-

ter 67, article 8 of the Arizona Code reveals the fact that no discretion is granted the Registrar of Contractors, and he is bound to a strict enforcement of the licensing provision.

Section 67–801 provides that it shall be unlawful for a person "to engage in the business or act or offer to act in the capacity or purport to have the capacity of contractor" without having a license. Section 67–803 defines a contractor, which definition would certainly include plaintiff. Section 67–814 provides a penalty, including fine and imprisonment, for any person "who acts in the capacity of a contractor within the meaning of this act without a license", in addition to which it provides that before recovery can be had by a contractor, it must be alleged and proved that he "was a duly licensed contractor at the time the alleged cause of action arose." It will be noted that the sections quoted not only invalidate the contract of an unlicensed contractor but they also provide a penalty for a person who in any manner whatsoever attempts to act, or offers to act, in the capacity, or purport to have the capacity, of contractor. As was determined in Hunt v. Douglas Lumber Co., 41 Ariz. 276, 17 P.2d 815, 819, the act was considered as a regulatory measure designed for the protection of the public against unscrupulous and unqualified persons purporting to have the capacity, knowledge and qualifications of a contractor.

The Hunt case involved a situation where the prime contractor did not have a license at the time of entering into the building contract or at any time subsequent thereto. While the decision primarily pertains to the question of a materialman's lien, the court held that a construction contract between a building owner and an unlicensed contractor is void and unenforceable. Quoting from that decision the court stated: "It is the general rule of law that where a statute expressly forbids a person from entering into a certain kind of contract until he performs some precedent act, and imposes a penalty upon such person for attempting to enter into the forbidden contract, the contract itself is absolutely void ab initio and the party penalized has no rights thereunder."

In Wise v. Radis, 74 Cal.App. 765, at page 775, 242 P. 90, appears this statement by the court: "No principle of law is better settled than that a party to an illegal contract or an illegal transaction cannot come into a court of law and ask it to carry out the illegal contract or to enforce rights arising out of the illegal transaction."

See also Moore v. Moore, 130 Cal. 110, 62 P. 294, 880 Am. St. Rep. 78.

In Colbert v. Ashland Const. Co., 176 Va. 500, 11 S.E.2d 612, 617, the court exhaustively treats the general rule of law that a plaintiff cannot recover where his cause of action cannot be established without showing that he has broken the law,

whatever his claim in justice may be upon the defendant. The closing paragraph of that opinion we quote: "Colbert * * * cannot recover, not because his claim is without merit, but because he has failed to do those things which the statute says that he must do. The benefit which the defendant has received is incidental and accidental. The law of contracts is not interested in helping him but in curbing the plaintiff; in this instance enacted to prevent fraud and for a public purpose."

That court quotes with approval from 17 C.J.S., Contracts, § 202, page 557: "Where a statute imposes a penalty on the doing of an act without either prohibiting it or expressly declaring it illegal or void, the generally announced rule is that an agreement founded on or for the doing of such penalized act is void. * * *"

The case of Citizens State Bank of Long Beach v. Gentry, 20 Cal.App.2d 415, 67 P.2d 364, 366, relied upon by plaintiff, does not support appellant's cause since in that case, the license of the individual expired and was then taken out in the name of the corporation which continued the construction of the building and completed the contract, the court finding the corporation was the alter ego of the individual, stating: "In our opinion, where a manifestly unjust and inequitable result would follow a holding that plaintiff contractor was without capacity to sue on his contract, the individual plaintiff in whose name the license stood at the time the contract was made and the corporate entity organized by him in whose name the license stood at the time the cause of action accrued, should be considered as one."

In Cash v. Blackett, 87 Cal.App.2d 233, 196 P.2d 585, 588, we find this statement: "The Public policy involved here has been determined by the legislature; it is not a subject of debate in the courts."

Numerous cases cited in this opinion from that jurisdiction support the principle announced preventing recovery in an action on contract by an unlicensed contractor under the bar of the statute.

■ It may be urged that the court should exercise its equitable discretion and permit the plaintiff recovery even in face of a specific prohibition in the statute on the ground that an unreasonable forfeiture would result. However, the statute requiring a contractor to possess a contractor's license before he may recover for work done was designed for the protection of the public and must not be defeated in order to accommodate one who has violated the provisions of the statute. Permitting an unlicensed contractor to recover on the ground that a loss would result to him otherwise would completely nullify the statute since every unlicensed contractor would sustain a loss or forfeiture unless he were allowed recovery. The remedy, if any, lies with the legislature. As the law stands, the court cannot countenance such a result.

In weighing the statements contained in the affidavits and counter-affidavits above mentioned, the only reasonable conclusion to be drawn is that the plaintiff had been paid in full for all labor and material furnished up to and including June 30, 1946, when his contractor's license expired, and that his cause of action did not accrue until after said date. Having no license he could not recover, hence, the motion for summary judgment was properly granted by the trial court.

Our conclusion renders it unnecessary to pass upon any of the other questions presented in this appeal.

Judgment affirmed.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.

STANFORD, J., having disqualified himself, the Honorable C. C. FAIRES, Judge of the Superior Court of Gila County, was called to sit in his stead.