259 P.2d 551

GOOCHER et ux. v. MAAS et ux.

No. 5704.

Supreme Court of Arizona.

July 13, 1953.

Robert S. Murlless, of Florence, for appellants.

Charles E. Butler, of Phoenix, for appellees.

STANFORD, Chief Justice.

This is an appeal from an order for summary judgment on the counterclaim of ap-

pellants in favor of appellees, entered in the superior court of Pinal County on April 25, 1952, and also from a judgment on the principal case of above parties entered in said court on May 17, 1952, and from an order denying a motion for new trial.

The motion by appellees for summary judgment on the counterclaim was heard by Honorable Porter Murry, Judge of the Greenlee County Superior Court, and the case on its merits was heard by the Honorable Renz Jennings, one of the judges of the Maricopa County Superior Court.

Appellees herein on the 23rd day of January, 1950, purchased from the appellants the following property:

The West Half (W½) of the Southeast Quarter (SE¼) of the Northwest Quarter (NW¼) of Section Seven (7), Township One (1) South, Range Nine (9) East, Gila and Salt River Base and Meridian.

This property is located on U. S. highway numbered 60, 70, 80 and 89, and is approximately five miles east of what is known as Apache Junction in Pinal County, and consists of 20 acres through which the said highway runs diagonally from northwesterly to southeasterly. The property is used for a motel court, being heretofore known as Sand Tanks and more recently as Desert Gold Lodge.

The land described was purchased by appellees from appellants on January 23, 1950, and the appellees were attracted to the property by an advertisement in a newspaper published in the state of Michigan, which was the then home of appellees. The appellees made two trips to Arizona to see the property; one in August 1949, the other in October 1949.

The improvements on the property consisted of three stucco motel units, constructed on noncontinuous foundation block; two double concrete block units, consisting of four separate complete motel living accommodations; a frame motel cabin; a combination service-station, kitchen and restaurant of frame stucco with concrete floors; a combination storage, toilet and electric power plant unit building of frame stucco; and all improvements, furniture, fixtures and equipment to operate an eight unit motel-service station-restaurant.

G. E. Sparling, a civil engineer, testified:
 " * * * the extreme westerly line of buildings is 66 feet outside the property itself."

The purchase price of the property was $32,500. In payment of same appellees deeded property that they owned in the state of Michigan to appellants at an agreed value of $17,200, and appellees gave their promissory note and mortgage on the property purchased for the balance of $15,300. The note was payable at $200 or more per month, commencing on February 23, 1950, with interest at the rate of 4% per annum.

In June, 1951, appellees were advised that a portion of the improvements which

they purchased were located on land owned by the state of Arizona and thereafter had a survey made. The survey disclosed that two and one half cabins with kitchenettes, a septic tank, two butane tanks, several ornamental cacti and other valuable improvements were located on state land. Neither party knew of the mistake in the boundary until the survey was made and neither was ever threatened with an action at law for encroachment.

In the prayer of the appellees' complaint—they being the plaintiffs below—they asked for an injunction to stay the disposal of the note; for $3,200, that being the amount paid on the note to that date; for $32,500, that being the value of the premises; and for $20,000 for damages caused to plaintiffs by reason of their leaving their home in Michigan and moving to Arizona.

The appellants entered a general denial and counterclaimed for foreclosure of said purchase money mortgage. The motion for summary judgment made by the appellees on the counterclaim was later granted.

█ The appellants' first assignment of error is:

"The Court erred in denying defendants' motion for summary judgment upon complaint, on the law and the evidence, made after plaintiffs' evidence was in, for the reason that no claim for relief had been proved upon which the relief prayed in complaint, or any relief could be granted; * * *."

From the case as submitted it occurs to us that there was presented to the court a genuine issue as to a material fact, and that therefore, the court properly denied the motion. See Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111.

██ Appellants' second assignment of error is:

"The Court erred in granting plaintiffs' motion for summary judgment upon counterclaim and for denying defendants' motion to reinstate the counterclaim for the reason that no allegation of fraud had been pleaded nor proved, damage element in action for breach of warranty of title had not been proved, and breach of covenant of warranty of title is no defense to suit to foreclose mortgage."

The counterclaim was for the foreclosure of mortgage given by appellees to the appellants as part payment for the premises; but one payment to the appellants was in arrears by the appellees. A summary judgment is allowable to bring an action to a prompt conclusion when the pleadings, depositions and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. This case on its merits had not started when the motion for summary judgment on the counterclaim was made and hence at that time the court could not declare that the appellants were entitled to such relief. Lewis v. Palmer, 67 Ariz. 189, 193 P.2d 456

■ The appellants' third assignment of error is that the court erred in admitting and considering plaintiffs' exhibit No. 8 in evidence and the testimony of appraiser Leslie J. Hanson over defendants' objection, for the reason that no proper foundation had been laid for said exhibit and testimony, and that they were conclusions, incompetent and irrelevant for the purpose for which they were offered, and were based upon hearsay; and because they resulted in an excessive award of damages. Exhibit 8 is the written report of witness Hanson.

There is nothing to show that the court followed the testimony of witness Hanson; in fact, the indications are that it did not, for exhibit No. 8 and the testimony of the witness fixed the damages at a 50% loss by reason of some of the buildings and improvements being off the land sold, whereas the court allowed approximately only one-third of the value as damages.

The testimony shows that Hanson is an appraiser for two of our largest banks, the Equitable Life Assurance Society, and many other concerns. From the record we hold the witness was qualified to testify and that said exhibit was properly admitted in evidence.

■ We will consider the next two assignments of error together. Number four is that the court erred in fixing $10,400 damages or credit on the purchase price in its judgment and decree, because that sum is excessive and because said sum is not rational to any competent or relevant testimony adduced at the trial. Number five is that the court erred in denying a motion to vacate and set aside the judgment and to order a new trial.

The testimony on the subject of damages shows that the expert witness Hanson was the only one beside the appellee Maas who testified on this subject. There is this to consider—the court not only had Mr. Hanson's testimony but by stipulation of counsel the court went to view the premises, and it was upon these factors that it rendered its award of damages.

■ The appellants' counsel has written a long brief, showing that he spent a great deal of time and effort on the case. He has cited many cases, among them: Smith v. Pinner, 68 Ariz. 115, 201 P.2d 741; Waddell v. White, 56 Ariz. 420, 108 P.2d 565; Packard Phoenix Motor Company v. McRuer, 41 Ariz. 450, 19 P.2d 332; but none of these are in point as all of these cases pertain to fraud and fraudulent transactions. At the beginning of the case the court correctly analyzed the issue:

"As I understand the matter this is deemed by both counsel to be a mutual mistake—at least a mistake which the defendant admits and that is a question for damages. We will confine our testimony to that issue—the question for damages."

There were no objections by either counsel to this statement and the case proceeded to trial on this theory, hence fraud was not an issue.

We find no merit in the assigments of error and therefore the judgment is affirmed.

PHELPS, LA PRADE, UDALL, and WINDES, JJ., concurring.