Joseph P. Shaw, Johnson & Shaw, Phoenix, Ariz., for respondent.

**In the Matter of SOUTHWEST DISTRIBUTING CO., Inc., an Arizona corporation, Bankrupt.**

**Ed E. CALIENDO, as Trustee in Bankruptcy of Southwest Distributing Co., Inc., Petitioner,**

**v.**

**Barney COHEN, dba Barney's Liquor Stores, Respondent.**

**No. B–13083–Phx.**

United States District Court
D. Arizona.

Oct. 27, 1965.

MUECKE, District Judge.

Barney Cohen, dba Barney's Liquor Stores, petitions the Court for Review of the Order of the Referee in Bankruptcy, Joseph U. Cracchiolo, of July 30, 1965, directing petitioner to turn over the sum of $10,246.09 to the trustee in bankruptcy.

There is no dispute as to the facts in this case as found by the Referee.

Ed E. Caliendo, the duly qualified and acting trustee in bankruptcy for Southwest Distributing Company, Inc., filed a petition for a turnover order on behalf of the bankrupt. It alleged that a debt in the amount of $10,246.09 due the bankrupt from Barney Cohen, dba Barney's Liquor Stores, for alcoholic beverages sold and delivered by the bankrupt to petitioner on credit was an asset of the bankrupt's estate.

The petitioner herein resisted the petition for a turnover order on the grounds that the contract violated A.R.S. § 4–242,

subsec. A (as amended, 1963)[1] and A.R.S. § 4–243(e), subsec. 2 (1956),[2] (which prohibit the sale of liquor on credit) and therefore was void and unenforceable.

The Referee in Bankruptcy, Honorable Joseph U. Cracchiolo, issued an order on July 30, 1965, directing the petitioner herein to turn over the sum of $10,246.09 to the trustee, thus enforcing the contract for the sale of the liquor on credit. The Referee reasoned that "since a Court of equity is not bound by any unyielding formula, this Court feels that it would be inequitable and inherently wrong to permit respondent to benefit from his own wrong (purchasing liquor on credit) and to be thereby unjustly enriched at the expense of the trustee who appears herein as the representative of the innocent creditors of this estate and who should not be charged with complicity in any violation of the law or public policy of this State" and "that under the circumstances of this case it is appropriate that this Court should in equity and good conscience, in order to rectify a patent wrong, impress by operation of law— and not by agreement or intentions of the parties—a 'constructive trust' upon the proceeds here in issue in favor of the trustee and the innocent people whom he represents."

The Court finds that the conclusions of law of the Referee should be upheld.

█ Neither A.R.S. § 4–242 (as amended, 1963) nor A.R.S. § 4–243

(1956) specifically void or make unenforceable contracts that contravene their provisions. These statutes make the selling of liquor for credit a misdemeanor,[3] and also provide in the event of such a credit sale for the suspension or revocation of a liquor license.[4] Consequently, a contract which violates the mandate of these two Arizona statutes is not necessarily void. "The legal presumption is that the Legislature specified all the penalties it intended to impose, and it is not the province of the court to inflict more by construction." Dunlop v. Mercer, 156 F. 545, 557 (8th Cir. 1907).

Although Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111 (1951) does state the broad general principle that "a contract founded upon an act for which a penalty is imposed by statute is void," the Arizona Supreme Court noted, p. 115, that "the sections [of the Arizona Code] quoted not only invalidate the contract of an unlicensed contractor but they also provide a penalty for a person who in any manner whatsoever attempts to act, or offers to act, in the capacity, or purport to have the capacity, of contractor." Thus, Northen v. Elledge is distinguishable for the reason that the statute therein expressly invalidated contracts rendered illegal by the statute.

A more pertinent statement of law by the Arizona Supreme Court from the Northen case appears on page 115 wherein the Court quoted from Wise v. Radis, 74 Cal.App. 765, 242 P. 90 (1925), as

1. § 4–242. Sale of liquor on credit prohibited
   A. It is unlawful for a licensee, or an employee or agent of a licensee, to sell or offer to sell, directly or indirectly, or to sanction the sale on credit of spirituous liquor, or to give, lend or advance money or anything of value to any person for the purpose of purchasing, or bartering for, spirituous liquor, * * *

2. § 4–243. Commercial coercion or bribery unlawful
   It is unlawful for a person engaged in the business of distiller, winer, brewer, rectifier, blender or other producer, or wholesaler of any spirituous liquor, directly or indirectly, or through an affiliate:
   *     *     *     *     *

(e) By extending credit to the retailer on a sale of spirituous liquor, and any extension or acceptance of credit in violation of this provision shall subject the licenses of all parties concerned to suspension or revocation at the option of the superintendent.

3. A.R.S. § 4–246. Violations; penalties
   A. A person violating any provision of this title is guilty of a misdemeanor punishable, upon each of the first two convictions, by a fine of not less than one hundred nor more than three hundred dollars, by imprisonment in the county jail not less than thirty days nor more than six months, or both.

4. A.R.S. § 4–243, subsec. 2(e) (1956).

follows: " 'No principle of law is better settled than that a party to an illegal contract or an illegal transaction cannot come into a court of law and ask it to carry out the illegal contract or to enforce rights arising out of the illegal transaction.' "

 The reason for the rule denying relief to a party to an illegal contract is that such a party is a wrongdoer and the Courts do not wish to aid a man who founds his claim upon an illegal act.

However, where one not a party to an illegal contract seeks its enforcement, a refusal to enforce its performance would have the unfortunate consequence of protecting a wrongdoer from paying damages to innocent third parties. Restatement of the Law of Contracts, § 598 (1932).

Therefore, the Court is of the view that under the circumstances of this case, the illegal contract is voidable and not void and can be enforced by the trustee in bankruptcy who is asserting the rights of innocent third party creditors. Collier on Bankruptcy, § 47.02 (14th Ed. 1964). Neither of the original parties to the contract is benefited by this ruling and in fact the public policy intent of the legislature, i. e., to prevent the selling of liquor on credit, is furthered because a retailer will know that under these circumstances he will not be able to escape the consequences of his illegal bargain. Furthermore, in no way does this ruling affect the criminal nature of the contract or the power of the state to suspend liquor licenses.

The ruling of the Court is confined to the facts of this case where a trustee is seeking to enforce the rights of individuals who are not parties to the illegal contract. This result is especially appropriate because the courts of bankruptcy are invested "with such jurisdiction at law and in equity," 11 U.S.C.A. § 11, sub. a (1962), as will enable them to "cause the estates of bankrupts to be collected," 11 U.S.C.A. § 11, sub. a (7) (1962), and to conserve the estates of insolvents to the end that there may be an equitable distribution of assets. Simonson v. Grand-

quist, 369 U.S. 38, 82 S.Ct. 537, 539, 7 L.Ed.2d 557 (1962).

Accordingly, the Order of the Referee in Bankruptcy of July 30, 1965, is hereby upheld on review by this Court.