NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MICHAEL K. SCHUGG, as Successor Trustee for the Bankruptcy Estate of
Michael Keith Schugg, *Plaintiff/Appellant*,

*v.*

ARIZONA BOARD OF REGENTS, for and on behalf of THE
UNIVERSITY OF ARIZONA, *Defendant/Appellee*.

No. 1 CA-CV 13-0101

FILED 09-30-2014

Appeal from the Superior Court in Maricopa County
No. CV2012-094043
The Honorable Mark F. Aceto, Judge

**AFFIRMED**

COUNSEL

Beus Gilbert PLLC, Phoenix
By Leo R. Beus, L. Richard Williams, A. Erin McGuinness
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Tucson, Phoenix
By Jeremy J. Butler, Daniel P. Schaack
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

¶1          Appellant Michael K. Schugg, successor trustee of the bankruptcy estate of Michael Keith Schugg (Schugg), appeals the trial court's dismissal of his claims for inverse condemnation and unjust enrichment against Appellee Arizona Board of Regents (ABOR) for having failed to state a claim upon which relief could be granted, pursuant to Arizona Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, we affirm.

**BACKGROUND**

¶2          The relevant facts are undisputed, and are set forth briefly below, as well as within the separate but related opinion, *Rogers v. Board of Regents of the University of Arizona (Schugg I)*, 233 Ariz. 262, 265, ¶¶ 2-5, 311 P.3d 1075, 1078 (App. 2013) (review denied April 22, 2014).[1]

¶3          ABOR, as a subdivision of the State of Arizona, is a "public entity" for purposes of Arizona Revised Statutes (A.R.S.) section 12–821.[2] *See* A.R.S. § 12-820(7) (defining "public entity").  ABOR owns real property in Pinal County, Arizona, utilized as an experimental farm, and generally referred to as the Maricopa Agricultural Center (MAC).  ABOR was conveyed fee title to the MAC, which was conveyed to it through warranty and quitclaim deeds.  Schugg owns a nearby parcel commonly referred to by both parties throughout *Schugg I* and the current litigation as "Section

---

[1] In both *Schugg I* and the present case, the plaintiff is the trustee for the bankruptcy estate of Michael Keith Schugg.  Both actions were undertaken by the bankruptcy estate.  For ease of reference, this opinion will refer to Schugg and his representatives, collectively, as Schugg.

[2] Absent material revisions after the relevant dates, we cite the current version of the statutes and rules unless otherwise indicated.

16." The Gila River Indian Community owns property encircling Section 16, including the property between the MAC and Section 16.

¶4        Smith–Enke Road runs east-west through the MAC, the Gila River Indian Community property, and along the southern boundary of Section 16. Although Schugg's access to Section 16 is not limited to the availability of Smith-Enke Road, Schugg asserts that Smith-Enke Road has provided him access to and from Section 16 for over 80 years. He does not rely upon an express conveyance to support his right to use the Smith-Enke Road, but claims an easement by prescription[3] over the Smith-Enke Road portion of ABOR's property.

¶5        In early 2008, ABOR constructed a gate across Smith-Enke Road. Once constructed, ABOR opened and closed the gate at its discretion, periodically interfering with Schugg's use. Schugg wrote to ABOR in September 2008, protesting the placement of the gate and its resultant limitation on his access, and on December 14, 2009, filed a complaint in the Pinal County Superior Court (*Schugg I*), seeking: (1) a judicial determination that he possessed an easement by implication, necessity and/or prescription over Smith-Enke Road, (2) the quieting of title, and (3) a declaration that ABOR's gate, blocking his access to Smith-Enke Road, amounted to a trespass. ABOR answered and counterclaimed for quiet title and a judicial declaration that Schugg had no right, title or interest in the MAC.

¶6        ABOR moved to dismiss Schugg's complaint in *Schugg I*, arguing that, as a claim against a public entity, it was barred by the one-year statute of limitations set forth in A.R.S. § 12-821. The trial court granted ABOR's motion and dismissed Schugg's complaint on June 2, 2011. The trial court then granted ABOR's subsequent motion for summary judgment on its counterclaims, and entered judgment against Schugg. Specifically, the trial court held that ABOR "holds fee simple title to that certain real property located in Pinal County commonly referred to as the [MAC] . . ." and that Schugg had "no right, title or interest in the [MAC]" and was "hereby barred and forever estopped from claiming any right, title or

---

[3] A prescriptive easement is "[a]n easement created from an open, adverse, and continuous use over a statutory period." Black's Law Dictionary (9th ed. 2009); *see also Harambasic v. Owens*, 186 Ariz. 159, 160, 920 P.2d 39, 40 (App. 1996) ("To obtain a prescriptive easement, a person must establish that the land in question has actually and visibly been used for ten years, that the use began and continued under a claim of right, and the use was hostile to the title of the true owner.").

interest in the [MAC] in any manner that is adverse to [ABOR], including any right of access over, on or through the [MAC]."

¶7            ABOR permanently closed and locked the Smith-Enke Road gate after entry of judgment in *Schugg I*.  Schugg appealed the decision to Division Two of this Court, which affirmed the trial court's decision in its entirety.  *Schugg I*, 233 Ariz. at 264, ¶ 1, 311 P.3d at 1077.  Specifically, *Schugg I* held that Schugg's complaint was filed more than one year after his causes of action accrued, and therefore, he had lost the opportunity to assert any legal interest in the use of Smith-Enke Road, through an action for quiet title or otherwise.  *Id.* at 268-69, ¶¶ 20, 22, 311 P.3d at 1081-82.  The appellate court also held that because he had no legal interest in the road, he could not assert a claim for damages arising from the alleged trespass.  *Id.* at 269, ¶ 22, 311 P.3d at 1082.  Schugg petitioned for review of *Schugg I*, and the Arizona Supreme Court declined review.

¶8            On April 27, 2012, Schugg filed a second cause of action against ABOR, that litigation forming the basis of the immediate appeal,[4] alleging damages by ABOR for inverse condemnation and unjust enrichment based upon ABOR's permanent blocking of Schugg's access to Smith-Enke Road after it obtained quiet title to the property at the conclusion of *Schugg I*.  ABOR moved to dismiss Schugg's second action, again pursuant to Arizona Rule of Civil Procedure 12(b)(6), alleging, first, the action was barred by the one-year statute of limitations set forth in A.R.S. § 12-821, and, second, that Schugg failed to state a claim for relief as the judgment obtained in *Schugg I* established Schugg possessed no ownership interest in the property.  Without articulating a basis for its decision,[5] the trial court granted ABOR's motion and dismissed Schugg's complaint.  This appeal timely followed.

---

[4] This second cause of action was also originally filed in Pinal County Superior Court. ABOR successfully petitioned for transfer of venue to Maricopa County Superior Court pursuant to A.R.S. § 12-822(B).

[5] Schugg and ABOR appear to agree that the trial court based its dismissal upon the expiration of the statute of limitations.  However, the record does not articulate any specific basis for the trial court's decision.  Regardless, we will affirm the granting of a motion to dismiss where, as here, any applicable basis, supported by the record, exists.  *See Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, ¶ 15, 326 P.3d 335, 339 (App. 2014).

**DISCUSSION**

¶9 We review de novo the dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8, 284 P.3d 863, 867 (2012). Dismissal is appropriate under Rule 12(b)(6) if the plaintiff, as a matter of law, "would not be entitled to relief under any interpretation of the facts susceptible to proof." *Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998). In our review, we assume the truth of Schugg's well-pled allegations. *Large v. Superior Court*, 148 Ariz. 229, 231, 714 P.2d 399, 401 (1986).

¶10 By definition, a cause of action for inverse condemnation is "[a]n action brought *by a property owner* for compensation from a governmental entity that has taken the *owner's property* without bringing formal condemnation proceedings." Black's Law Dictionary (9th ed. 2009) (emphasis added); *accord DUWA, Inc. v. City of Tempe*, 203 Ariz. 181, 184, ¶ 16, 52 P.3d 213, 216 (App. 2002) ("Arizona law . . . has only recognized a 'taking' of property where the government either assumes actual possession of the property or places a legal restraint upon the property that substantially diminishes or destroys the *owner's* right to, and use and enjoyment of, the property.") (emphasis added); *State v. Mabery Ranch, Co.*, 216 Ariz. 233, 242, ¶ 35, 165 P.3d 211, 220 (App. 2007) (same). Similarly, Schugg's claim of unjust enrichment is based upon ABOR's "taking" of his asserted property interest without compensation. Ownership of a property interest is therefore an essential element of Schugg's causes of action.

¶11 Here, however, it has been established by this Court[6] in *Schugg I*, that Appellant has no property interest in Smith-Enke Road, and no right to assert a legal interest in the property in the future. 233 Ariz. at 269, ¶ 22, 311 P.3d at 1082 ("Here . . . Schugg does not have a legal interest in the disputed property and he is barred from establishing such an interest in [Smith-Enke] Road.").

¶12 With that in mind, courts may take judicial notice of facts "not subject to reasonable dispute" when they "can be accurately and readily determined from sources whose accuracy cannot reasonably be

---

[6] Even though the court of appeals sits in two independent divisions, it is a single court. A.R.S. § 12-120(A)-(B); *Neil B. McGinnis Equip. Co. v. Henson*, 2 Ariz. App. 59, 62, 406 P.2d 409, 412 (1965).

questioned." Ariz. R. Evid. 201(b)(2). The judgment of a court of competent jurisdiction is not subject to reasonable dispute. In fact, it has long been recognized that "'a judgment presents evidence of the facts of so high a nature that nothing which could be proved by evidence aliunde[7] would be sufficient to overcome it; and therefore it would be useless for a party against whom it can be properly applied to adduce any such evidence . . . .'" *Lewis v. Palmer*, 67 Ariz. 189, 196, 193 P.2d 456, 460 (1948) (quoting 30 Am. Jur. *Judgments* § 165).

¶13 Moreover, appellate courts, as well as those of original jurisdiction, are specifically authorized to take judicial notice of the state's superior court records in order to establish necessary facts. *In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4, 10 P.3d 1211, 1212 (App. 2000) (noting "[i]t is proper for a court to take judicial notice of its own records or those of another action tried in the same court," and that Arizona Rule of Evidence 201 "allows [appellate courts] to take judicial notice of anything of which the trial court could take notice, even if the trial court was never asked to take notice"). The court may do so on its own initiative, and at any stage of the proceeding. Ariz. R. Evid. 201(c)(1), (d). We choose to do so here, where the dispositive aspect of Schugg's claims has already been decided in a judgment of the trial court and affirmed by Division Two on appeal.

¶14 In doing so, this Court will not subvert Division Two's opinion, or second guess the factual findings of the trial court in *Schugg I*. To the contrary, this Court is inclined to follow the decisions of other divisions "in the absence of some contrary manifestation in rulings of our supreme court." *State v. Dean*, 8 Ariz. App. 508, 511, 447 P.2d 890, 893 (1968).

¶15 To allow the causes of action alleged in the immediate case to proceed would require the Court to reevaluate Schugg's alleged interest in Smith-Enke Road — a fact that has been conclusively determined in *Schugg I*. This Court cannot, and will not, entertain a collateral attack of Division Two's analysis and affirmation of the *Schugg I* trial court's actions. *See Lewis*, 67 Ariz. at 195-96, 193 P.2d at 460 ("The judgment in that cause, over which the court unquestionably had jurisdiction, having become final, it is final for all purposes and the attempted present collateral attack cannot be entertained."). The judgment in *Schugg I* has become final, and is final for all purposes. The trial court unquestionably had jurisdiction over the matter, and the present attempted challenge to its merits cannot be

---

[7] Aliunde is defined as "[f]rom another source; from elsewhere." Black's Law Dictionary (9th ed. 2009).

entertained. Therefore, the *Schugg I* determination that Schugg had no property interest in Smith-Enke Road, and could make no future claim for any such interest, has been established, is binding upon the parties, and will not be further analyzed herein.

¶16 Because the disposition of this case turns upon the established, indisputable and unappealable determination that Schugg has no legal interest in Smith-Enke Road upon which any claim for damages could be based, we need not address either the appropriateness or merits of ABOR's arguments regarding res judicata, claim preclusion, issue preclusion or collateral estoppel.

¶17 Schugg also argues the trial court erred in granting the motion to dismiss because the cause of action for inverse condemnation did not accrue, and therefore, the statute of limitations did not begin to run as to that issue, until access to Smith-Enke Road was completely blocked in 2011 following entry of judgment by the trial court in *Schugg I*.[8] While Schugg argues and is correct in asserting that actions for quiet title and inverse condemnation may accrue and be maintained independently, *Mabery Ranch*, 216 Ariz. at 249, ¶ 74, 165 P.3d at 227 (noting "there is a significant distinction between a cause of action for damages . . . and a cause of action to quiet title, which seeks a judicial determination of title, rather than damages"), Schugg essentially argues his cause of action for damages did not accrue until *after* judgment entered determining he had waived his right to establish a legal, compensable interest in the property by failing to bring a claim within the applicable limitations period. We cannot accept Schugg's

---

[8] Schugg incorrectly characterizes the judgment in *Schugg I* as a "termination" of his easement interest in Smith-Enke Road, with the termination allegedly giving rise to his action for an improper taking. However, there is nothing in the record indicating he ever actually established the prescriptive easement he now asserts, thereby creating an ownership interest in the property; he clearly presented no judgment of a court of competent jurisdiction and the record is devoid of any writing sufficient to satisfy the statute of frauds. *See* A.R.S. § 44-101 (prohibiting an action "for the sale of real property or an interest therein" absent an appropriate memorandum, in writing and signed by the adverse party). The judgment in *Schugg I* certainly does not reflect the existence of an interest subject to termination, or one having been terminated. To the contrary, as noted previously, the judgment stated ABOR held title to the real property at issue; Schugg had *no* right, title or interest in the MAC; and that Schugg was barred, forever, from attempting to claim any "right of access over, on or through the [MAC]."

argument that his failure to act within the appropriate limitations period created a right to compensation for inverse condemnation. It would be nonsensical to assert that a party's compensable claim only arose when it was determined he had no compensable interest in the property.

¶18 Nonetheless, we take notice of and accept Division Two's prior determination that Schugg did not have, and cannot now establish, an ownership interest in the property. Schugg, therefore, is unable to prove an essential element of his inverse condemnation claim — a property interest — and we therefore need not address Schugg's arguments regarding the accrual of an inverse condemnation cause of action.

## CONCLUSION

¶19 For the foregoing reasons, we affirm the trial court's dismissal of Schugg's complaint. As neither party has requested an award of fees and/or costs on appeal, none are awarded.



Ruth A. Willingham · Clerk of the Court
FILED: gsh