[Civil No. 4666. Filed December 18, 1944.]

[154 Pac. (2d) 374.]

JUDGE MANOR, Appellant, v. JOE H. BARRY, PAYNE GODFREY, CHRIS C. BLACK and ANNABELLE BLACK, Appellees.

Mr. V. L. Hash, for Appellant.

Messrs. Struckmeyer & Struckmeyer, for Appellees Chris C. Black and Annabelle Black.

ROSS, J.—Plaintiff, Judge Manor, brought this action against defendants Joe H. Barry, Payne God-

frey, Chris C. Black and Annabelle Black for damages in the sum of $5,500 for personal injuries, and recovered a verdict and judgment for the sum of $1,800.

The complaint charges that the accident in which plaintiff was injured was the result of the joint and concurrent negligence of the Blacks and Payne Godfrey, agent of defendant Joe H. Barry, in operating on the public highway, on which plaintiff at the time was a pedestrian, their respective automobiles so that he, the plaintiff, was struck with great violence by the Godfrey automobile, and severely injured to his damage. The sufficiency of the complaint to state a cause of action against the defendants is not before us. Barry and Godfrey filed a joint answer denying the allegations of the complaint, and the Blacks filed an answer denying they were negligent, and alleging affirmatively that the plaintiff was injured by the sole negligence of Godfrey.

The case was tried in September, 1941, and a verdict returned for $1,800 against all of the defendants.

On October 1, 1941, the defendants Blacks' motion for judgment notwithstanding the verdict was denied, and plaintiff's motion for judgment in accordance with the jury's verdict was granted, the judgment being, "It is ordered, adjudged and decreed the plaintiff, Judge Manor, do have and recover judgment of and from the defendants Joe H. Barry, Payne Godfrey, Chris C. Black and Annabelle Black in the sum of eighteen hundred dollars, and for his costs herein incurred."

On October 10, 1941, the defendants Blacks moved the court to vacate the verdict of the jury, and also the judgment, their prayer being "that the judgment be vacated and set aside and judgment be entered for these defendants upon their motion made at the close

of all the evidence, or, in the alternative, that a new trial be granted to these defendants." On January 13, 1942, the motion for new trial was granted.

The new trial thereafter was not had, but was continued from time to time and finally set down for trial before a jury on March 24, 1943. Prior to that date, however, to-wit, on March 20, 1943, the Blacks' motion for summary judgment in their favor notwithstanding was granted.

This appeal by the plaintiff challenges the right of the court to grant a summary judgment in favor of the defendants Blacks. The statutes under which the court ruled the matter in favor of the Blacks are Sections 21–1211 and 21–1212 Arizona Code Annotated 1939, which provide for summary judgments in certain circumstances and conditions, and the question is as to whether these circumstances and conditions are present in this case.

■ It is not questioned but that the court had the right to grant the motion for new trial. The law seems to be, "An order directing a new trial has the effect of vacating the proceedings and leaving the case as though no trial had been had." 39 Am. Jur. 201, § 204. Counsel for appellees concede that this is the law.

The law seems to be that the procedure for summary judgment,

" . . . may be availed of to bring an action to prompt conclusion when the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Citing cases.) The record made below does not present a case for summary judgment. There were no depositions or affidavits which made the facts clear, but on the other hand the pleadings raised important issues which should have been de-

termined only after a full hearing.'' *Acadian Production Corporation* v. *Land,* 5 Cir., 136 Fed. (2d) 1, 2.

At the stage of the trial when summary judgment was entered in favor of appellees Blacks there certainly appeared to be contested issues. At that time the pleadings stood just as they were when the first trial was had, and the issues at that time were as to whether the appellees were guilty of negligence.

It may be conceded that the court might have granted the appellees Blacks' motion made at the close of the evidence for judgment in their favor upon the ground that there was no evidence showing or tending to show they were guilty of any negligence contributing to the plaintiff's injury, but that motion was denied,' presumably on the assumption by the court that there was evidence of negligence on the part of appellees Blacks. The court, in its decision states, '' . . . it appearing to the court from the evidence heretofore introduced in this action, and from the whole record, that the proximate cause of the injury to the plaintiff was the independent and superseding negligence of a third party, namely, of the defendant, Payne Godfrey.''

While the court ascribes the proximate cause of the injury to ''the independent and superseding negligence of a third party, namely, of the defendant, Payne Godfrey,'' one can but wonder whose negligence was superseded. Certainly, plaintiff was not negligent.

The law is very clear that on a new trial the parties may amend their pleadings, and may introduce new and additional evidence, but the ruling of the trial court would preclude the plaintiff from exercising such a right.

We think the judgment of the lower court should be reversed and the case remanded with direc-

tions that further proceedings be had in accordance therewith. It is so ordered.

McALISTER, C. J., and STANFORD, J., concur.