241 P.2d 433

JORDAN et al. v. WORTHINGTON PUMP & MACHINERY CO.

No. 5467.

Supreme Court of Arizona.

March 10, 1952.

Jerman & Jerman, Richard R. Greenfield, of Phoenix, for appellants.

Townsend & Jenckes, of Phoenix, for appellee.

PHELPS, Justice.

This is an appeal from an order granting summary judgment in favor of appellee and against appellants, from the judgment entered thereon, and from the order denying appellants' motion to set aside said judgment.

Appellants Jordan and Hodges allege in their cross-claim against appellee Worthington Pump & Machinery Company that on June 1, 1948, they purchased from appellee through its dealer and agent at Tucson certain Worthington pumping equipment and paid for the same in full; that it was installed upon their premises for the purpose of pumping water for irrigation and that prior to the 11th day of that month it was discovered by appellants that the pump was freezing up due to the fact that it was not properly sealed, thus permitting water to seep into the oil tubes filling them with water and preventing proper lubrication of the pump; that it was necessary to pull the pump which was done; that appellee was notified at various times through its agents of the penetration of water through the oil tubes and of the consequent freezing of the pump; that it was not pumping the quantity of water it was designed to pump; that after many complaints were made to appellee, and on June 30, 1949, Baker, Kastner and Bool doing business as the BKB Pump & Machinery Co., then

dealers of appellee and plaintiffs in this case, were called upon to repair the pump; that they pulled the pump and upon examination found it to be completely worn out inside.

The repairs were made by them for which they charged appellants $941.99 and upon failure of appellants to pay therefor, filed a materialmen's lien against the premises and thereafter brought action against appellants seeking foreclosure of the lien.

Appellants answered the complaint and procured permission from the court to bring appellee in as a third party defendant and asked that appellee be required to pay under its contract guarantee whatever amount was found to be due it from appellants for the repairs made. The cross-claim further asked for other relief not here necessary to relate.

Appellee answered the cross-claim of appellants and denied all of the allegations of the complaint including a denial "that on June 1, 1948, or at any other time it sold any Worthington pumping equipment to cross-complainants, defendants and/or third party plaintiffs either directly or through the agency of plaintiffs herein, or any one else."

A motion for summary judgment was thereafter filed by appellee supported by affidavits of officials of the Worthington Pump & Machinery Company. These affidavits expressly included as a part thereof the Tucson dealer's contracts both with plaintiff doing business as BKB Pump & Machinery Co., and Fuller-Thomas Distributing Company, Inc., and the purchasing order for the pump here involved. The Fuller-Thomas Distributing Company, Inc., was the dealer of appellee in Tucson from July 23, 1947, to May 23, 1949. The purchase order discloses the pump was purchased from Fuller-Thomas Distributing Company, Inc., March 20, 1948. Insofar as these affidavits related to the terms of the contract between appellees and the Tucson dealers, they were not controverted; nor was the fact that the pump was purchased at the time Fuller-Thomas Distributing Company, Inc., was appellee's dealer at Tucson.

Appellants have filed affidavits of officials of Fuller-Thomas Distributing Company, Inc., to the effect that their company was the duly appointed agent of appellee and sold the pump and equipment in question to appellants which carried the guarantee set forth in appellants' contract with it.

With this record before it the court entered judgment for appellee in which it found "There was no genuine issue as to any material fact to be determined by the court except as to the amount of damages." The dealer's contract fixes the relation of the parties.

The only question presented here is: Did the pleadings and admissions on file together with affidavits show at the time the motion was granted that there was no gen-

uine issue as to any material fact and that the moving party was entitled to judgment as a matter of law? Manor v. Barry, 62 Ariz. 122, 154 P.2d 374.

In the instant case appellants allege that they purchased the pumping equipment from appellee through the BKB Pump & Machinery Co. whom they allege to be the agents of appellee. The records show they bought it from Fuller-Thomas Distributing Company, Inc., who were representing appellee as dealers when the machinery was purchased. The contract under which they operated was identical with the one under which the BKB Pump & Machinery Co. operated. Appellee denied it sold any pump machinery to appellants at any time directly or through plaintiffs or anyone else.

■■■ We believe that, under the language of section 21–1212, A.C.A.1939, the contracts which were made a part of appellee's affidavits are a proper consideration of the court on a motion for summary judgment. No counter-affidavits having been filed by appellants denying that Fuller-Thomas Distributing Company, Inc., transacted business with appellee at the time under the contract set up in such affidavits as a part thereof, the duty devolved upon the trial court to interpret the contract as a matter of law to determine the relation of the parties. If the relation of principal and agent did not exist between appellee and Fuller-Thomas Distributing Company, Inc., appellee was not liable to appellants. If such a relation did exist appellee was

liable to appellants provided, of course, the terms of its contract relating to warranties had been complied with by appellants and appellee's agent.

The trial court did not state upon what ground it reached its conclusion that there existed no genuine issue as to any material fact. But an examination of the dealer's contract with appellee leads us to the conclusion that the court's order for summary judgment was based upon its interpretation of that instrument and that it found the contract did not create the relation of principal and agent between appellee and its dealers and therefore no privity of contract existed between appellants and appellee. Having reached this conclusion it necessarily followed that no genuine issue of a material fact existed between appellants and appellee. We agree with this interpretation of the dealer's contract and with the conclusion reached by the trial court.

Under the contract here involved the dealer is given the right to purchase appellee's products at certain discounts from the price lists in effect at the time of purchase and to sell the same within the area prescribed therein. The dealer is required to pay appellee in full therefor within 30 days from date of invoice. In addition to the purchase price the dealer is required to pay all taxes of every kind due under federal, state or local laws covering the transactions between appellee and it. The dealer sells these products to its customers at the price fixed by it. The only restriction upon the

dealer concerning the selling price is that it shall be *fair and reasonable*. Appellee reserves the right to refuse to sell to the dealer if in its opinion the condition of its account or financial condition does not warrant sales upon the terms provided in the contract. The contract contains a warranty to the dealer of the products sold but requires the dealer to notify appellee of any defects within a specified period in order to bind appellee thereon.

Section 5 of the contract provides for reservation of title in the product sold until paid for. If this provision is construed in connection with section 4(a) of the contract (which it must be), providing that the dealer shall pay appellee the full purchase price within 30 days it is not inconsistent with the relation of buyer and seller. Its effectiveness is limited to the period during which the products remain in the hands of the dealer. The requirement in the contract that the purchase by the dealer from appellee must be by formal written contract between the parties and the sale by the dealer shall be made "in its (the dealer's) name, for its account and at its expense", together with the other provisions thereof hereinabove noted in our opinion, clearly indicates that it creates the relation of buyer and seller between appellee and dealer and not that of principal and agent as claimed by appellants. See Brown v. Cleveland Tractor Co., 265 Mich. 475, 251 N.W. 557; Barnes v. Maxwell

Motor Sales Corp., 172 Ky. 409, 189 S.W. 444.

We therefore hold that the trial court correctly granted appellee's motion for summary judgment.

Judgment affirmed.

UDALL, C. J., and STANFORD, DE CONCINI and LA PRADE, JJ., concur.