259 P.2d 554

**MALTA et ux. v. PHOENIX TITLE & TRUST CO.**

No. 5662.

Supreme Court of Arizona.

July 15, 1953.

George M. Sterling, of Phoenix, for appellants.

Lewis, Roca & Scoville, by Charles A. Stanecker, of Phoenix, for appellee.

UDALL, Justice.

Plaintiffs Vincent Malta and wife appeal from a judgment that they take nothing by their complaint against the defendant-appellee, Phoenix Title and Trust Company, a corporation. We shall hereafter refer to the parties as plaintiffs and defendant or the Title Company.

Plaintiffs' sole assignment is that the trial court erred in granting defendant's motion to dismiss their complaint for failure "to state a claim upon which relief could be granted", their position being that within the four corners thereof a good claim is stated when the facts alleged are admitted to be true as it is by such a motion.

The defendant contends, however, that this appeal cannot be adjudicated upon that basis for while its pleading was entitled "motion to dismiss", matters outside of the pleadings were urged on the hearing thereof, and that in fact said motion was treated by both the court and counsel as one for summary judgment. It relies upon Section 21–429, A.C.A.1939, as amended, which provides in part as follows:

"* * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are

presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (§§ 21–1210—21–1216), and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 (§§ 21–1210—21–1216). (Rules Civ.Proc., Rule 12(b); as amended, effective October 1, 1949.)"

An examination of the record presented to the trial court when it determined this motion convinces us that this is a proper case for invoking the above rule, and we shall therefore determine this appeal on the basis that a summary judgment was entered. At such hearing the court was requested to, and doubtless did, take judicial notice of its files and records in causes numbered 63904 and 64040, infra, and it is from these files that some of the data hereinafter stated appears.

■ In this jurisdiction the law is well settled as to when a motion for a summary judgment should or should not be granted. See, Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86; Manor v. Barry, 62 Ariz. 122, 154 P.2d 374; Lewis v. Palmer, 67 Ariz. 189, 193 P.2d 456; Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111. The following is the most recent expression of this court apropos to the present situation, viz.:

. "When motion for summary judgment is presented, it becomes the duty of the trial court *to examine the entire record* and determine whether there is any disputed material fact which if true could have a bearing on the kind of final judgment which under the law should be rendered. If it appears that competent evidence will be submitted tending to prove or disprove such material fact, the determination of the existence thereof must depend upon the evidence submitted at the trial. The court does not try issues of fact, but only whether the same are genuine and in good faith disputed. * * *" Stevens v. Anderson, 75 Ariz. 331, 256 P.2d 712, 713. (Emphasis supplied.)

With this rule in mind let us examine the record to see if there was any genuine issue of fact to be determined or whether the lower court properly held as a matter of law that the plaintiffs had no just claim for relief. The original complaint (as well as the amended complaint which was practically a replica thereof) was bottomed upon the proposition that the defendant Title Company had departed from the escrow instructions given to it by plaintiffs in connection with two different purchase and sale agreements that were escrowed with it, and that as a result of its negligence in the handling of said escrows the plaintiffs had been damaged in the sum of $60,297. The agreements and escrow instructions were set up haec verba as exhibits attached to the complaint.

For a better understanding of the matter we summarize the record. On April 3, 1947, Lydia P. Falkenhayn, Rodney E. Lee and Beatrice M. Lee sold to the plaintiffs a parcel of improved real property for the sum of $110,000 which was to be paid for by plaintiffs' payment to the seller of $35,000 in cash, the assumption of a first mortgage held by Yavapai County Savings Bank, and by a contract back to the sellers for the balance of the purchase price.

On June 22, 1948, plaintiffs sold their interest in this property to Stephen Garrard and M. Grace Garrard, his wife, for the sum of $130,000, payable as follows: $11,000 in cash, assumption of the same mortgage to Yavapai County Savings Bank in the sum of $10,400; assumption of plaintiffs' contract balance to Lydia P. Falkenhayn, et al., in the sum of $57,130.36, and a contract back to plaintiffs for the balance in the sum of $51,469.64.

The terms of the agreement between plaintiffs and Garrards required the latter to pay to the Yavapai County Savings Bank the sum of $400 each month on account of the mortgage assumed, commencing August 6, 1948; required Garrards to pay to the Title Company for the benefit of Falkenhayn et al. the sum of $400 each month on account of the Malta-Falkenhayn contract assumed, commencing August 1, 1948; and required Garrards to pay to the Title Company for the benefit of plaintiffs the sum of $900 each month, commencing October 1, 1948.

It further appears that Garrard failed to abide by his agreement with plaintiffs and his interest in the property was forfeited. Meanwhile, plaintiff Malta who was primarily liable on the original contract to Mrs. Falkenhayn, et al., did not protect his rights by payment of his primary obligation and his interest was forfeited.

In an attempt to forestall forfeiture by Mrs. Falkenhayn, et al., plaintiffs brought suit (Cause No. 63904 in the Superior Court, Maricopa County, Arizona) against Lydia P. Falkenhayn, a widow, Rodney E. Lee and Beatrice M. Lee, his wife, and The Phoenix Title and Trust Company, a corporation, as defendants. The gist of this action was to secure an injunction against the defendants, including the Title Company, enjoining and restraining them from declaring forfeiture of the original purchase agreement and escrow between the Maltas and Falkenhayn and Lees, and to prevent delivery by the Title Company of a quitclaim deed held in connection with the said agreement and escrow.

The plaintiff, Malta, was unsuccessful in his action to prevent forfeiture. No appeal from the ruling of the court was ever taken. It would seem that the present claim by the same plaintiff against this defendant over its handling of the escrow contracts was then available and should have been litigated in that suit. A plaintiff is not permitted to split his claim and harass an adversary with more than one action for one wrong. Daniel v. City of

Tucson, 52 Ariz. 142, 79 P.2d 516, 117 A.L. R. 1211; State v. Airesearch Mfg. Co., 68 Ariz. 342, 206 P.2d 562.

Thereafter, in Cause No. 64040, in the Superior Court, Maricopa County, Lydia P. Falkenhayn, Rodney E. Lee and Beatrice M. Lee, his wife, as plaintiffs, sued Vincent Malta, appellant here, in unlawful detainer. Defendant Malta was again unsuccessful and judgment was given to plaintiffs.

In the instant case the plaintiffs rely upon the allegations of their complaint to the effect that at a time when the Garrards were in default on their contract with them, and a forfeiture could have been declared by the latter (Maltas) that the defendant Title Company wrongfully accepted from the Garrards, a sum less than the delinquencies, and, by so doing, altered the legal rights of the Maltas and Garrards since the acceptance, so they claim, of a sum less than was due, waived the "time of the essence" clause of the agreement between the parties and thereby extended the time in which a forfeiture could be declared by the Maltas. This is the crux of plaintiffs' complaint, and their charge of negligence on the part of the Title Company is bottomed upon this theory.

No authority is cited, and we believe that none can be found, in support of the proposition that it is a breach of trust for an escrow agent to receive a late payment, or one lesser in amount than is due and payable. Certainly there is nothing in these escrow instructions that forbids it.

■■ It appears that the defendant Title Company was in constant touch with the plaintiffs and by correspondence kept them fully advised of the status of the escrows and of all moneys received and disbursements made thereunder. The plaintiffs need not have accepted the late payments, or those lesser in amount, made by the Garrards for they alone had the right to insist on a strict performance of the contract. The "time of the essence" clause was placed in the agreement for the benefit of the sellers, hence if the Maltas (plaintiffs) wished to waive it they had the right so to do. Stark v. Norton, 24 Ariz. 454, 211 P. 66; Tolmachoff v. Eshbaugh, 41 Ariz. 318, 18 P.2d 256.

■ The Title Company could not alter the legal rights between the parties to the escrow agreements. It is true that an escrow agent is a trustee and must act in strict accordance with the terms of the escrow agreement or it will be liable in damages for any loss suffered by reason of any departure from those terms; however, in the instant case it does not appear that there was any dereliction of duty upon the part of the defendant and hence the plaintiffs have no one but themselves to blame for any loss they may have suffered. They cannot visit it upon defendant.

We hold the learned trial court correctly concluded that there was no genuine issue

of fact to be tried, hence it properly entered a summary judgment dismissing the complaint.

Judgment affirmed.

STANFORD, C. J., and PHELPS, LA PRADE and WINDES, JJ., concur.