283 P.2d 234

Cecil McCORMICK and Nona McCormick, husband and wife; Chester Anderson, d/b/a Northern Arizona Warehouse Co.; Chester Van Court, d/b/a Van Court's Garage; and J. E. Knowles, d/b/a Moore Drug Company, Appellants,

v.

AZTEC LAND AND CATTLE COMPANY, a corporation; D. L. McKinney, as Assessor for Coconino County, Appellees.

No. 5929.

Supreme Court of Arizona.

April 21, 1955.

Ross F. Jones, Atty. Gen., P. H. Brooks, Winslow, Sp. Counsel, Alfred B. Carr and Robert C. Stubbs, Asst. to the Atty. Gen., for appellants.

McQuatters & Stevenson, Flagstaff, for appellee Aztec Land and Cattle Co.

H. K. Mangum, Coconino County Attorney, for County Assessor.

UDALL, Justice.

This is a companion case to Aztec Land and Cattle Co., Ltd., v. Navajo Realty Co., 79 Ariz. 55, 283 P.2d 227. The cases were here ordered consolidated for oral argument though they arose in different counties and were separately briefed.

Plaintiffs (appellants) were a group of resident taxpayers of Coconino County who, on July 13, 1953, sought a writ of mandamus to require Aztec to list and the county assessor and the board of supervisors to assess and place on the tax roll some 60,932.29 acres of "indemnity" lands lying in Coconino County, allegedly belonging to Aztec and acquired in the same manner as the lands in the companion case, supra. Alternative writs of mandamus were issued and served upon the defendants. The public officials, represented by the county attorney, and Aztec by its counsel, filed separate motions to dismiss the complaint as not stating a claim upon which relief could be granted. Aztec also filed a verified answer to which plaintiffs filed a reply. Thereafter the trial court granted the motions to dismiss and granted plaintiffs ten days in which to file an amended complaint. An amended complaint naming only Aztec and the county assessor was filed on March 8, 1954; amended alternative writs of mandamus were issued; new motions to dismiss were then filed; the mo-

tions were granted, the amended complaint dismissed with prejudice and the amended alternative writs of mandamus quashed. This appeal by the taxpayer-plaintiffs followed.

The pleadings in the instant case are in all essential respects identical with those in the Navajo County case and—though there are no affidavits and only one exhibit—basically the issues presented and the legal points relied upon are the same. Counsel for Aztec urge that the motion to dismiss which the trial court granted be here adjudicated as a motion for summary judgment for defendants under Rule 12(b), Rules Civil Procedure, as amended, effective October 1, 1949, Sec. 21-429, A.C.A. 1952 Cum.Supp. See Malta v. Phoenix Title & Trust Co., 76 Ariz. 116, 259 P.2d 554. However, in our opinion it matters not how this motion be considered for, under our decision in the Navajo County case, the ruling in the instant case cannot be upheld on any theory.

For the reasons stated in the companion case No. 5975, supra, the judgment of dismissal is reversed; the amended complaint is ordered reinstated along with the alternative writ of mandamus as to the county assessor; and the cause remanded for further proceedings not inconsistent with our holdings in these matters.

Judgment reversed with directions.

LA PRADE, C. J., and PHELPS, WINDES, and STRUCKMEYER, JJ., concur.