432 P.2d 433

**UNION TITLE COMPANY, an Arizona corporation, Appellant,**

v.

**James H. BURR, Appellee.**

**No. 8461.**

Supreme Court of Arizona.

In Division.

Oct. 18, 1967.

curement of a mortgage. On Burr's application, summary judgment was entered against both defendants, of which only the Union Title Company appeals.

Burr is a real estate broker. By written contract he was employed to secure a mortgage loan for Apache Country Club, Inc., in an amount of not less than $1,400,000, for which it was agreed he was to be paid two per cent of the principal amount of the loan. Burr alleged that he did obtain the loan but that the Union Title Company, escrow agent for Apache, refused to honor Burr's earned commission, although Burr had delivered to Union Title a written notice advising it that he was entitled to the commission out of funds payable to Apache.

Burr's employment contract which was delivered to Union Title provided, in part:

"* * * I [Apache Country Club, Inc.] agree to pay you [Burr] a commission of 2 per cent of the principal amount of the loan, and you are authorized to instruct the escrow agent [Union Title] to pay this commission directly to you from the loan funds in escrow."

It must be emphasized that Burr's initial employment was to obtain a loan to be secured by a mortgage on Apache Country Club property. Burr and his associates attempted to secure the $1,400,000 by this means but were unable to do so. However, a substitute transaction by which Apache obtained the funds needed was worked out.

Russ Lyon, Jr., and A. T. LaPrade, Jr., were interested in buying a large apartment complex known as the Frontier Gardens, then owned by the First Federal Savings & Loan Association. Arrangements were made with First Federal to sell the Frontier Gardens to Apache for $2,400,000. The purchase price was met by Apache giving two mortgages to First Federal, one on the Frontier Gardens for $700,000 and another on its other real estate holdings for $1,700,000. Lyon and LaPrade then bought the Frontier Gardens from Apache for $2,100,000 for which they paid $1,400,-

Jennings, Strouss, Salmon & Trask, Phoenix, Thelton D. Beck, Prescott, for appellant.

Hill, Savoy & Flickinger, Phoenix, for appellee.

STRUCKMEYER, Justice.

This action was brought by James H. Burr against the Union Title Company and Apache Country Club, Inc., a building and development corporation, for their failure to pay $28,000 as commission for the pro-

000 in cash and assumed the $700,000 mortgage on the Frontier Gardens. In this manner Apache received the $1,400,000 capital which it originally desired.

It is Union Title's position that the summary judgment granted against it by the court below was improper because it never held any "loan funds" in escrow— that the only funds of Apache coming into its possession were purchase money funds. With this we are compelled to agree.

As stated, the only funds which passed through the Union Title escrow was the $1,400,000 paid by Lyon and LaPrade as the purchase price for the Frontier Gardens Apartments. The distinction urged is neither trivial nor arbitrary. "Loan funds" simply are not purchase funds. This Court, like Union Title, is not at liberty to change the words of the parties to what might have been agreed upon had the substituted circumstances been considered at the time of the making of the contract.

The deposition of Don W. Heckathorn, president of Apache Country Club, Inc., discloses that he refused to sign a letter on the day of closing of escrow authorizing the deduction of the two per cent commission by Union Title in order that it might be paid to Burr. He testified:

"Q All right. Isn't it also true, Mr. Heckathorn, that on that day you were asked to sign a letter to the title company acknowledging the agreement that you had entered into with Mr. Burr & Associates?

"A I was asked to?

"Q Yes.

"A Yes, I was.

"Q And will you tell me why you refused to sign that letter that day?

"A Because they had not performed under their contract.

"Q And how hadn't they performed, sir?

"A Because of the terms that eventually evolved from this entire transaction was not according to the terms of their contract."

 It is apparent that the transaction as finally consummated was not the same transaction contemplated in Burr's written contract of employment. Union's duty as an agent was to comply strictly with the terms of the escrow agreement. Tucson Title Insurance Co. v. D'Ascoli, 94 Ariz. 230, 383 P.2d 119; Malta v. Phoenix Title & Trust Co., 76 Ariz. 116, 259 P.2d 554. Burr's contract of employment, if construed as an assignment of funds to come into existence in the future, was by its language confined to "loan funds". Since no "loan funds" ever came into the Union escrow, Union was without authority to make any disbursements to Burr.

The judgment heretofore entered against Union Title Company is reversed.

McFARLAND, V. C. J., and UDALL, J., concur.