LAURENTIDE LEASING COMPANY v. SCHOMISCH.

1. TAXATION—SALES TAX—INCLUSION IN PRICE.
   The general sales tax act creates no liability on part of the buyer of tangible personal property unless the tax is incorporated in or added to the price and the buyer accepts it with such understanding (CLS 1961, § 205.52).

2. SAME—SALES TAX—ESCROW AGENT—LIABILITY OF BUYER.
   An escrow agent is an agent for two parties; hence, where a bank as escrow agent for a buyer and a seller fails to notify the buyer that seller attempted to change his offer by stating he expected buyer to pay the sales tax in addition to the

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Sales and Use Taxes § 22.
[2] 28 Am Jur 2d, Escrow §§ 12–14.
[3] 28 Am Jur 2d, Escrow § 18.

original quoted purchase price, seller is bound by the escrow bank's act and may not recover the sales tax from the innocent buyer who did not know of the attempted change or agree to it and rightly assumed the tax was included in the purchase price (CLS 1961, § 205.52).

3. ESCROWS—SALES TAX—LIABILITY OF AGENT.

It is a breach of duty for a bank, acting as an escrow agent for a seller and buyer, to place a bill of sale in the hands of the buyer with arrangements only for payment of specified purchase price without mentioning to buyer the liability for sales tax where the seller had given the bank express directions that buyer was to pay and the bank to deliver to seller the purchase price and that the sales tax was to be for the account of the buyer; therefore, the bank is liable to the seller for payment of the sales tax (CLS 1961, § 205.52).

Appeal from Court of Appeals, Division 3, Fitzgerald, P. J., and Burns and Holbrook, JJ., reversing Dickinson, Brown (Ernest W.), J. Submitted March 6, 1969. (Calendar No. 18, Docket No. 52,034.) Decided August 4, 1969.

9 Mich App 459, affirmed in part, reversed in part.

Action by Laurentide Leasing Company to recover sales tax of $1,653.85 against Daniel R. Schomisch and Richard V. Miller, purchasers of laundry equipment, and the First National Bank of Iron Mountain. Judgment against all defendants. Defendants appealed to the Court of Appeals. Reversed for entry of judgment of dismissal as to all defendants. Plaintiff appeals. Affirmed as to individual defendants. Reversed and judgment ordered entered against defendant Bank.

*McNeil, Payant & Mouw,* for plaintiff.

*Paul Rahm (Edward J. Dundon,* of counsel), for defendants.

DETHMERS, J. Plaintiff, of California, owned and leased to individual defendants Schomisch and Miller, in Iron Mountain, Michigan, certain laundry equipment. Prior to September 10, 1963, preliminary arrangements were made for plaintiff to sell the equipment to the individual defendants for $43,000. Said defendants were to finance the deal through defendant bank. They arranged to have defendant bank pay plaintiff $43,000 upon receipt of a bill of sale in their favor from plaintiff covering the equipment. They so advised plaintiff.

Thereafter, on September 10, 1963, plaintiff sent defendant bank a letter reading, in part, as follows:

*"Gentlemen:*

"We hereby submit our claim and demand for $43,000.00 as the final pay-off figure for the equipment under the referenced lease.

"We are enclosing a bill of sale from Laurentide Leasing Co. in favor of Daniel R. Schomisch and Richard V. Miller. We request that you forward funds at your earliest convenience to consummate this transaction."

On September 13, 1963, plaintiff sent a telegram to defendant bank, as follows:

"First National Bank        1963 Sep 13 pm 3 14
"Iron Mountain Mich
"ref our letter sept 10 Schomisch-Miller payoff our lease # 219 Michigan sales tax is for the account of the buyer net proceeds to Laurentide $43,000 please confirm.
                    "FOSSUM-LURENTIDE LEASING COMPANY"

On September 14, 1963, defendant bank replied to plaintiff by telegram as follows:

                                1963 Sep 14 am 7 19
"Fossum-Laurentide Leasing Co
"405 Montgomery St SFrank
"rewire 13th Schomisch-Miller payoff $43,000 O.K. stop—send releases and all documents to us for

collection and remittance to cover will be made promptly.

"THE FIRST NATIONAL BANK
IRON MOUNTAIN MICHIGAN

"13 $43,000
"(53)."

On September 18, 1963, defendant bank wrote plaintiff, returning the bill of sale received in the September 10th letter from plaintiff, and advised that it was not properly executed and how it should be corrected. In that letter the bank included the following language:

"When this has been complied with we will be in a position to remit you $43,000 to cover the final pay-off on this lease."

By letter dated September 23, 1963, plaintiff again sent a bill of sale, amended as the bank had required. This letter contained the following:

"We are returning a duly executed and witnessed bill of sale for the laundromat equipment being conveyed to your customers Daniel R. Schomisch and Richard V. Miller, for the consideration of $43,000.00 net proceeds to Laurentide Leasing Company, Michigan sales tax at 4% for the account of the buyer.
\* \* \*

"We trust the receipt of this instrument will enable you to remit $43,000.00 to cover the final pay off on the lease."

On October 4, 1963, defendant bank wrote plaintiff as follows:

"*Gentlemen:*

"We enclose herewith our check in the amount of $43,000.00 covering the final pay-off figure for the equipment under subject lease.

"We will appreciate you writing us to the effect that the entire obligation under this lease has been fully satisfied."

To this, plaintiff replied on October 8th as follows:

"Gentlemen:

"We are pleased to acknowledge receipt of your cashier check in the amount of $43,000.00 covering the final pay off on the laundromat equipment leased to Daniel R. Schomisch and Richard V. Miller.

"Laurentide Leasing Company hereby acknowledges that lease 1–LL–219 is completely and fully satisfied in its entirety."

The bill of sale itself, prepared by plaintiff, contained the following recitation:

"That LAURENTIDE LEASING COMPANY, 405 Montgomery street of the city of San Francisco in the county of San Francisco and State of California, of the first part, for and in consideration of the sum of FORTY-THREE THOUSAND DOLLARS AND no/100 ($43,000.00) dollars, lawful money of the United States, to it paid by Daniel R. Schomisch and Richard V. Miller of Iron Mountain, Michigan of the second part, the receipt whereof is hereby acknowledged, has bargained and sold, and by these presents do hereby grant and convey, unto the said parties of the second part, their executors, administrators or assigns,
"1. all the following personal property:  *  *  *"

In June of 1964 plaintiff wrote the individual defendants and defendant bank, stating that it had been charged by the State of Michigan and paid to it sales tax on the transaction in the amount of $1,653.85, and demanding that defendants reimburse plaintiff therefor. Defendants have declined to do so and plaintiff brought this action against them, accordingly, for that amount.

This action was tried before the judge without a jury in the Dickinson county circuit court. The judge first found for plaintiff against defendant bank only, but dismissed the action as against the

individual defendants. Then, *sua sponte,* he amended a judgment to that effect, causing it to run against all three defendants, in the amount of the tax, plus interest and costs, totalling $1,899.12.

On appeal to the Court of Appeals, it reversed the trial court and ordered a judgment of dismissal as to all 3 defendants. From that, this cause is here on plaintiff's appeal by leave granted. 381 Mich 782.

The circuit judge's initial holding was based on the theory that the defendant bank was liable as escrow agent because it had been advised by plaintiff, both by letter and telegram, that the bill of sale furnished by plaintiff was to be turned over by the bank to the individual defendants only upon their payment of $43,000, plus Michigan sales tax. The judge dismissed as to individual defendants because there was no showing that they had any knowledge of plaintiff's advice to the bank that the sales tax was to be added and charged to defendants' account. The circuit judge's subsequent amendment of the judgment for plaintiff, to be effective against the individual defendants, also, was based on the ground that the bank had acted as their agent, rendering them liable as well.

The Court of Appeals reversed as to all defendants for the reason that the individual defendants did not know of plaintiff's amendment of its original offer so as to provide for payment of the tax by them, and, apparently, dismissed as to all 3 defendants because the Michigan sales tax is a tax on the seller, not the buyer, though the seller may pass the tax on to the buyer if this is understood and agreed between them, quoting *Swain Lumber Co.* v. *Newman Development Co.* (1946), 314 Mich 437, as follows:

"The statute* creates no liability on the part of the purchaser to pay the tax unless the tax is incorporated in or added to the price and the purchaser accepts the tangible personal property with such understanding."

The Court of Appeals went on to say, in the instant case, that plaintiff first presented the bank with a claim for $43,000 as the final payoff figure and that its later telegram and letter stating that sales tax was to be paid in addition constituted a change in plaintiff's offer which it was not shown that the purchasers accepted. This seems to have satisfied the Court of Appeals as reason enough to dismiss as to all 3 defendants.

We think the Court of Appeals was right as to the individual defendants, but that the circuit judge was right as to defendant bank.

The circuit judge's second position that the individual defendants were liable because the bank had acted as their agent in leading plaintiff, before its delivery of the bill of sale to the bank, to believe that they would pay the tax, overlooks the fact that an escrow agent acts for both parties. As well to say that because the bank, as plaintiff's agent, did not inform the individual defendants that they were expected to pay the sales tax in addition to the $43,000 purchase price, plaintiff is bound by its agent's failure to so advise individual defendants and, hence, cannot recover against them. At all events, we do say that the individual defendants did not know of plaintiff's attempt to change its offer, did not agree to it, had a right to assume that the tax was included in the purchase price, and so are not liable for the tax.

---

* See CLS 1961, § 205.52 (Stat Ann 1969 Cum Supp § 7.522).— REPORTER.

As for defendant bank, acting as escrow agent for both parties, when plaintiff placed in its hands the bill of sale it was with plaintiff's express directions that the individual defendants were to pay and the bank was to deliver to plaintiff $43,000 and that the sales tax was to be for the account of the buyer, with the $43,000 to be net to plaintiff. The bank said nothing of this to the buyers and delivered the bill of sale to them with arrangements only for payment by them of $43,000 to the bank for transmittal to plaintiff. This, we think, constituted a breach of the bank's duty to plaintiff and renders it liable accordingly.

Order of the Court of Appeals directing dismissal as to 2 individual defendants is affirmed. It is reversed as to defendant bank, which is hereby held liable. The cause should be remanded to the circuit court for entry of a judgment in accord herewith. Individual defendants will recover costs from plaintiff. Plaintiff may have costs as to defendant bank.

T. E. BRENNAN, C. J., and KELLY, BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.