546 P.2d 366

Albert F. BUFFINGTON, Appellant,

v.

TITLE INSURANCE COMPANY OF MINNESOTA, Appellee.

No. 1 CA–CIV 2866.

Court of Appeals of Arizona,
Division 1,
Department A.

March 2, 1976.

Rehearing Denied March 29, 1976.
Review Denied April 13, 1976.

Atmore L. Baggott, Phoenix, for appellant.

O'Connor Cavanagh Anderson, Westover Killingsworth & Beshears, P. C., by Wilbert G. Anderson, Phoenix, for appellee.

## OPINION

OGG, Judge.

The issue in this case is whether an escrow agent can be held liable to a buyer for any damages sustained by reason of an alleged wrongful forfeiture of the buyer's interest under a land purchase contract.

The appellant/plaintiff Albert Buffington, Jr., filed suit against the appellee/defendant Title Insurance Company of Minnesota and defendants Darrell G. Hand and Sharon Hand, his wife, claiming damages as the result of an alleged wrongful forfeiture of Buffington's interest in an escrow contract. The escrow involved a land purchase contract between the Hands, as sellers, and Buffington, as buyer, in which Minnesota Title acted as escrow agent. Only the liability of Minnesota Title for damages for the alleged invalid forfeiture is involved in this appeal.

Soon after the escrow was established a dispute arose between the parties over whether Buffington, the buyer, had been carrying the insurance required under the sales agreement and whether the deed placed in escrow by Hand conveyed the full five acres as called for under the agreement. As a result of various disputes between the parties, an action was filed in Maricopa County Cause No. C 273952. A full discussion of that case would only lengthen this opinion and confuse the issue in this case. It is sufficient to note that, after the court's decision, Buffington went to Minnesota Title, informed it of the decision in Cause No. C 273952, and tendered two checks as payment on the escrow contract. The title company refused tender on the ground that Hand had given instructions to refuse such tender unless the payments included the payments for the disputed insurance premiums. Buffington's interest was thereafter forfeited, the escrow documents were delivered to Hand and the escrow cancelled.

Buffington then instituted the present action, alleging a breach of escrow instructions by the title company and a failure by both the sellers and the title company to correct the property description in the escrow. The complaint asked for money damages or, in the alternative, that the five acres as shown by a corrected description be placed in escrow and that Buffington be granted a reasonable time to remedy any deficiency in payment.

The title company answered the complaint and filed a motion to compel election of remedies, arguing that a buyer of land which was wrongfully forfeited in breach of escrow instructions could not seek both money damages and specific performance as alternatives. Judge C. Kimball Rose granted the motion and Buffington filed an amended complaint seeking only the remedy of money damages from the defendants Hand and Minnesota Title.

Minnesota Title then filed a motion for summary judgment, arguing that when Buffington elected to seek money damages rather than specific performance he thereby approved and confirmed any allegedly wrongful acts of Minnesota Title and ratified them to preclude him as a matter of

law from pursuing this action for damages against the title company.

Buffington also filed a motion for summary judgment against the title company on the ground that it had no right to refuse the Buffington tender of payments based on the unilateral directive of the sellers. Buffington also alleged that a buyer of property has no duty to make payments under an escrow contract until the seller has placed a deed in escrow correctly describing the property being sold.

Judge Warren L. McCarthy granted Minnesota Title's motion for summary judgment and denied Buffington's motion for summary judgment.

We affirm the denial of Buffington's motion for summary judgment.

█ There are numerous questions of fact relative to the alleged wrongful forfeiture of Buffington's interest in the escrow contract and what amount of damages, if any, he is entitled to recover. It would have been error to grant Buffington's motion for summary judgment under such a state of facts. Summary judgment should not be granted where there are any material issues of fact. *City of Phoenix v. Space Data Corp.*, 111 Ariz. 528, 534 P.2d 428 (1975); *Leonardi v. Furman*, 83 Ariz. 61, 316 P.2d 487 (1957).

We now must determine whether the trial judge was correct in granting Minnesota Title's motion for summary judgment which barred Buffington from seeking damages against the title company.

Minnesota Title relies upon the case of *Phoenix Title & Trust Co. v. Horwath*, 41 Ariz. 417, 19 P.2d 82 (1933) as authority for the trial court holding as a matter of law that Buffington has no cause of action against Minnesota Title for the wrongful escrow forfeiture since Buffington elected to sue for damages rather than seek specific performance under the contract. Minnesota Title reasons that when the buyer sues for breach of contract he is deemed by law to have ratified the wrongful forfeiture, thereby waiving any right to claim damages from the escrow agent.

It appears that reliance upon the case of *Phoenix Title & Trust Co. v. Horwath*, supra, to defeat any cause of action by Buffington, is misplaced; we distinguish this case from *Horwath* on the facts. In *Horwath*, as in the present case, the buyer was attempting to recover damages from the escrow agent for an alleged premature forfeiture of the buyer's interest in an escrow contract. In *Horwath* the Arizona Supreme Court found that there had been a premature forfeiture but that the buyer under the particular facts of that case suffered no damages. Moreover, the buyer made no attempt to remedy the default in the payments and without any justifiable excuse the buyer failed to make the payments.

In the case before us, Buffington attempted to make the payments due under the escrow but such payments were refused by Minnesota Title upon instructions from the sellers Hand. Thus, unlike the buyer in *Horwath*, Buffington was ready to perform the contract and here there was a valid dispute as to what payments were actually due under the contract.

█ The law is well settled in this state that an escrow agent acts in a fiduciary capacity and must conduct the affairs with which he is entrusted with scrupulous honesty, skill and diligence. *Tucson Title Ins. Co. v. D'Ascoli*, 94 Ariz. 230, 383 P.2d 119 (1963); *Higgins v. Kittleson*, 1 Ariz. App. 244, 401 P.2d 412 (1965). The escrow agent is a trustee and must act in accordance with the terms of the escrow agreement. *Malta v. Phoenix Title & Trust Co.*, 76 Ariz. 116, 259 P.2d 554 (1953); *Higgins v. Kittleson*, supra.

The consequences of a wrongful delivery of a deed out of escrow is discussed in Volume 30A, *C.J.S.* Escrows § 11 at page 1004, which reads:

Where property deposited in escrow is delivered or disposed of without compliance with the conditions of the deposit, the depositor is entitled to recover such damages as he may suffer through the depository's unwarranted act . . .

See also 30A *C.J.S. Escrows* § 12.

*Laurentide Leasing Co. v. Schomisch,* 382 Mich. 155, 169 N.W.2d 322 (1969); *Allen v. Allen Title Co.,* 77 N.M. 796, 427 P.2d 673 (1967).

We find that Buffington has stated a cause of action for damages since an escrow agent who wrongfully forfeits out a buyer's interest may be liable for the damages suffered by the buyer. We are not here ruling on the proper measure of damages since that issue was not before us.

We further find that there are valid questions of fact remaining to be litigated as to whether Minnesota Title breached its fiduciary duty and what damages, if any, were suffered by Buffington.

We therefore hold that it was error for the trial court to grant Minnesota Title's motion for summary judgment and we reverse such order. We affirm the order of the court which denied Buffington's motion for summary judgment. This case is remanded to the trial court for a trial on the merits pursuant to this opinion.

DONOFRIO, P. J., and FROEB, J., concurring.