558 P.2d 984

George W. MILLER and Johanna Miller, his wife, Appellants,

v.

Harry E. CRAIG, Appellee.

No. 1 CA–CIV 3105.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 7, 1976.

Rehearing Denied Jan. 6, 1977.

Petition for Review Denied Jan. 25, 1977.

790

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellants.

J. David Rich, Phoenix, for appellee.

## OPINION

NELSON, Judge.

This action was brought by the plaintiffs, George W. Miller and his wife, Johanna Miller (appellants here), to recover $5,000.00 in earnest money deposited in escrow with the defendant, Harry E. Craig (appellee here).  The Millers' claim was based on alternate theories of conversion and breach of fiduciary duty.  On appeal they seek reversal of a summary judgment granted in favor of Craig and allege error in the trial court's failure to grant their own motion for summary judgment.  For the reasons stated below we find that the judgment in favor of the defendant, Craig, must be reversed and that the cause be remanded for entry of judgment in favor of the plaintiffs, Millers.

The material facts are uncontested.  The controversy involves legal conclusions to be drawn from these facts and resolved by the court.  *Fendler v. Texaco Oil Company*, 17 Ariz.App. 565, 499 P.2d 179 (1972).

In 1970 the Millers entered into an agreement with Mary E. Crouse[1] to sell their interest in a tavern located in the City of Phoenix.  Pursuant to that agreement Craig, an attorney at law, was retained to draft the documents necessary to complete

1.  Ms. Crouse is not a party to this action.

the sale and to act as the parties' escrow agent.

Prior to closing, a dispute arose between the parties. Ms. Crouse filed suit seeking rescission of the sales contract and recovery of $5,000.00, the amount deposited by her with Craig as earnest money.[2] Millers counterclaimed for specific performance of the contract and for damages. The trial court resolved the controversy in favor of Crouse and judgment was entered entitling her to "recover of the defendants [the Millers] the sum of FIVE THOUSAND ($5,000.00) DOLLARS . . .."

Thereafter, Crouse, through her attorney, presented defendant Craig with a copy of the judgment and demanded return of the $5,000.00 deposit. Craig, without notifying the Millers or attempting to ascertain whether they would seek review of the judgment, disbursed the money to Crouse.[3] The judgment in favor of Crouse was subsequently reversed and judgment was entered for the Millers in the amount of the escrow deposit, as directed by the court in *Miller v. Crouse, supra.*

After several unsuccessful attempts to recover the deposit from Craig, Millers initiated the present action. The parties filed cross-motions for summary judgment. Craig's motion was granted and judgment dismissing Millers' cause with prejudice was entered.

Two questions are presented for our consideration. First, whether Craig's transfer of the $5,000.00 to Crouse was a breach of his fiduciary duty as escrow agent. Second, if it was a breach, whether he is excused from the consequences thereof by reason of the following clause contained in the escrow agreement:

"We, and each of us, agree that the said Harry E. Craig acting in the beforementioned capacity shall not become liable to either or both of us for anything whatsoever so long as said Agent acts with reasonable prudence in connection with his position, . . .."

We answer the first question in the affirmative, the second in the negative.

As recently stated by Judge Ogg: "The law is well settled in this state that an escrow agent acts in a fiduciary capacity and must conduct the affairs with which he is entrusted with scrupulous honesty, skill and diligence." *Buffington v. Title Insurance Co. of Minnesota,* 26 Ariz.App. 97, 546 P.2d 366, 368 (1976). *Accord, Tucson Title Insurance Company v. D'Ascoli,* 94 Ariz. 230, 383 P.2d 119 (1963). With respect to those who have retained him, an escrow agent is a trustee and can properly execute his duties only as they are set out by the terms of the escrow agreement. *Malta v. Phoenix Title & Trust Co.,* 76 Ariz. 116, 259 P.2d 554 (1953); *Buffington v. Title Insurance Co. of Minnesota, supra.* Deviation from those terms without the mutual consent of the parties concerned will subject the agent to liability for damages caused by his departure. *Tucson Title Insurance Company v. D'Ascoli, supra; Brean v. North Campbell Professional Building,* 26 Ariz.App. 381, 548 P.2d 1193 (1976).

In the present case the sales contract, incorporated by reference in the escrow agreement, provided that the $5,000.00 earnest money was part of the purchase price and that the sale was to be completed upon transfer of Millers' Number 7 beer and wine license. Alternatively, the contract provided that the Millers might retain as liquidated damages the sum paid into escrow by Crouse should she fail to comply with the terms of the agreement. The contract contained no other provision authoriz-

---

**2.** *See Miller v. Crouse,* 19 Ariz.App. 268, 506 P.2d 659 (1973) for a more detailed account of this transaction.

**3.** Judgment in favor of Crouse was entered and filed November 24, 1971. In a letter dated November 29, 1971, containing a copy of the November 24 judgment, Crouse through her attorney demanded that defendant Craig return the $5,000.00 held by him as escrow agent. In response to the demand defendant, on November 30, 1971 and December 17, 1971 forwarded checks totalling $5,000.00 to Crouse's attorney. Denial of plaintiffs' motion to amend the November 24 judgment or for a new trial was entered January 7, 1972. Plaintiffs' notice of appeal to Division I of the Court of Appeals was filed February 4, 1972.

ing disbursement of funds. It is clear, therefore, that Craig, by transferring the $5,000.00 without first securing plaintiff's consent, deviated from and exceeded his authority under the escrow agreement.

Craig contends the transfer was pursuant to a judgment on which he properly relied and therefore his conduct cannot be construed as a breach of duty. We disagree. The judgment in favor of Crouse dealt not with a specific res, the earnest money deposit, but merely entitled her to recover $5,000 *from the Millers*. It did not authorize a disbursement of funds held in escrow.

■ At the time of the Crouse demand, Craig should have inquired of the Millers regarding their intentions relative to an appeal. If they were not going to appeal he should have sought their permission to return the funds to Crouse. If they intended to appeal, as subsequent events indicated was their intention, he should have notified Crouse that he would retain the funds in escrow pending the outcome of the appeal or pending execution. If none of these arrangements were satisfactory to either or both parties, Craig should have sought relief in the trial court, either in the pending action, or by interpleader. *See generally* Rule 22(a), Rules of Civil Procedure, 16 A.R.S.; 28 Am.Jur.2d *ESCROW* § 40 (1966).

■ Finally, Craig argues that even if a fiduciary obligation was breached, it was done so in a "reasonable manner," exempting him from liability under the terms of the escrow agreement, *supra*, by which he is to be held harmless for acts done with "reasonable prudence." We find this contention absolutely without merit. As stated above, the duties of an escrow agent are defined in the escrow agreement and will be strictly construed. Any deviation therefrom without the requisite authority is per se unreasonable and cannot be done with "reasonable prudence." *Cf. Tucson Title Insurance Co. v. D'Ascoli, supra; Malta v. Phoenix Title & Trust Co., supra.*

Two additional issues have been raised by Craig and will be dealt with summarily. First, he urges he was an indispensable party in the first action, *Miller v. Crouse,*

*supra*, and therefore the reversal of that judgment could not in any way affect his right to make disbursement. Rule 19(a), Rules of Civil Procedure, 16 A.R.S.

■ A reading of Rule 19(a), *supra*, in conjunction with the facts of this case and the appropriate decisions of the Supreme Court of Arizona, e. g., *Town of Gila Bend v. Walled Lake Door Company*, 107 Ariz. 545, 490 P.2d 551 (1971); *Bolin v. Superior Court*, 85 Ariz. 131, 333 P.2d 295 (1958); *Siler v. Superior Court*, 83 Ariz. 49, 316 P.2d 296 (1957), make it clear that Craig was not an indispensable party to the initial litigation between the Millers and Crouse. The issues tried were as to whether the sales agreement had been breached or cancelled, whether a lease of the tavern had been assigned, whether either party could recover and how much. *Miller v. Crouse, supra.* That the outcome of the lawsuit would, of course, affect the eventual disposition of the money is obvious. It is equally obvious that the escrow agent was not an indispensable party in a lawsuit to determine the rights and liabilities of the parties to the sales contract. While Craig might have been a proper, or even a necessary party to the initial lawsuit, *see generally* Rules 19 and 20, Rules of Civil Procedure, *supra*, his "interest in the controversy [was not] such that no final judgment or decree [could have been] entered which [would have done] justice between the parties actually before the court [Millers and Crouse], without injuriously affecting the rights of others not brought into the action." *Bolin v. Superior Court, supra*, 85 Ariz. at 135, 333 P.2d at 297. Craig will be "injuriously affected" in the present case not because he was not joined in the original action, but because he failed to fulfill his duties as an escrow agent as set out above.

■ Further, Craig is not protected because he paid the proceeds by virtue of a Superior Court judgment in favor of Crouse and against Millers. The judgment did not direct him to pay the money. He was not a party to the action. There was no specific instruction or clause in the agreement covering this contingency. The issue of his

rights against Crouse, if any, was not raised in this matter.

While it is true, as Craig points out with correct citation of authority, that a Superior Court judgment is operable and effective for many purposes, regardless of rights to appeal, none of the cited cases purport to allow an escrow agent to act in contravention of his duties. Craig was fiducially responsible to both parties and it was incumbent upon him to determine whether *in fact* the controversy had been finally resolved so that he could properly disburse the money. Having failed in that duty, he is liable for his unauthorized disbursement.

The judgment of the Superior Court is reversed. The cause is remanded with directions to enter judgment for the Millers.

WREN, Acting P. J., and EUBANK J., concur.